Mr. Justice SWAYNE
 

 delivered the opinion of the court, having first stated the case.
 

 We have not had the benefit of an oral argument upon either side. The case was submitted upon printed briefs. We shall confine our examination to the points thus brought to our attention.
 

 In the return of the respondents to the alternative writ numerous .objections were taken in regard to which their brief is silent. We take it for granted they have been abandoned, and shall not consider them.
 

 I. It is said the court below, in rendering the judgment, allowed interest upon the coupons from the time they became due.
 

 The judgment cannot be thus collaterally questioned. It can be impeached only in a proceeding had directly for that purpose.
 
 *
 

 
 *445
 
 II. A statute of Illinois provides that when a judgment is rendered against a county no execution shall issue, but that the county commissioners’ court shall draw a warrant upon the treasurer for the amount,
 
 “
 
 which shall be paid as other county debts.”
 

 Such a warrant was applied for and refused, after the rendition of the judgment. If the judgment of the court below is sustained, a warrant can yet be issued when the fund to pay the judgment is provided, if a warrant be necessary to complete the obedience of the respondents in paying over the money according to the command of the writ. There is nothing in the objection as a matter of error.
 

 III. The important question in the case is whether the respondents are compellable to levy and collect, by taxation, the amount specified in the order of the court below.
 

 The writ, if issued, must conform to the order.
 

 The court below proceeded upon the act of February 16th, 1863. We have not found it necessary to consider any of the other acts referred to in the briefs.
 

 That act declares that “the board of supervisors under township organization, in such counties as may be owing debts which their current revenue, under existing laws, is not sufficient to pay,
 
 may, if deemed advisable,
 
 levy a special tax, not to exceed in any one year one per cent, upon the taxable property of any such county, to be assessed and collected in the same manner and at the same time and rate of compensation as other county taxes, and when collected to be kept as a separate fund, in the county treasury, and to be expended under the direction of the said county court or board of supervisors, as the case may be, in liquidation of such indebtedness.”
 

 The counsel for the respondent insists, with zeal and ability, that the authority thus given involves no duty; that it depends for its exercise wholly upon the judgment of the supervisors, and that judicial action cannot control the discretion with which the statute has clothed them. We cannot concur in this view of the subject. Great stress is laid by the learned counsel upon the language,
 
 “may, if deemed ad
 
 
 *446
 

 visable
 
 ,” which accompanies the grant of power, and, as he contends, qualifies it to the extent assumed in his argument.
 

 In
 
 The King
 
 v.
 
 The Inhabitants of Derby,
 

 *
 

 there was an indictment against “ diverse inhabitants” for refusing to meet and make a rate to pay “ the constables’ tax.” The defendants moved to quash the indictment, “ because they are not compellable, but the statute only says that
 
 they may,
 
 so that they have their election, and no coercion shall be.” The court held
 
 that11 may,
 
 in the case of a public officer, is tantamount to
 
 shall,
 
 and if ho does not do it, he shall be punished upon, an information, and though he maybe commanded by a writ, this is but an aggravation of his contempt.”
 

 In
 
 The King and Queen
 
 v. Barlow,
 
 †
 
 there was an indictment upon the same statute, and the same ohjection was taken. The court said: “’When a statute directs the doing of a thing for the sake of justice or the public good, the word
 
 may
 
 is the same as the word
 
 shall:
 
 thus, 23 Hen. VI, says the sheriff
 
 may
 
 take bail. This is construed he
 
 shall,
 
 for he is compellable to do so.”
 

 These are the earliest and the leading cases upon the subject. They have, been followed in numerous English and American adjudications. The rule they lay down is the settled law of both countries.
 

 In
 
 The Mayor of the City of New York
 

 ‡
 

 and in
 
 Mason
 
 v.
 
 Fearson,
 

 §
 

 the words “it shall be lawful” were held also to be mandatory.
 
 ||
 

 The conclusion to be deduced from the authorities is, that where power is given to public officers, in the language of the act before us, or in equivalent language — whenever the public interest or individual rights call for its exercise — the
 
 *447
 
 language used, though permissive in form, is in fact peremptory. What they are empowered to do for a third person the law requires shall be done. The power is giveii, not for their benefit, but for his. It is placed with the depositary to meet the demands of right, and to prevent a failure of justice. It is given as a remedy to those entitled to invoke its aid, aud who would otherwise be remediless.
 

 In all such cases it is held that the intent of the legislature, which is the test, was not to devolve a mere discretion, but to impose “ a positive and absolute duty.”
 

 The line which separates this class of cases from those which involve the exercise of a discretion, judicial in its nature, which courts cannot control, is too obvious to require remark. This case clearly does not fall within the latter category.
 
 *
 

 The Circuit Court properly awarded a peremptory writ of mandamus. We find no error in the record. The judgment below is
 

 Aeeirmed.
 

 *
 

 Bank of Wooster
 
 v.
 
 Stevens, 1 Ohio State, 233.
 

 *
 

 Skinner, 370.
 

 †
 

 2 Salkeld, 609.
 

 ‡
 

 3 Hill, 614.
 

 §
 

 9 Howard, 248.
 

 ||
 

 See The Attorney-General
 
 v.
 
 Locke, 3 Atkyns, 164; Blackwell’s case, 1 Vernon, 152; Dwarris on Stat. 712; Malcom
 
 v.
 
 Rogers, 5 Cowen, 188; Newburg Turnpike Co.
 
 v.
 
 Miller, 5 Johnson’s Chancery, 113; Justices of Clark County Court
 
 v.
 
 The P.
 
 &
 
 W. & K. R. T. Co., 11 B. Monroe, 143; Minner et al.
 
 v.
 
 The Merchants’ Bank, 1 Peters, 64; Com
 
 v.
 
 Johnson, 2 Binney, 275; Virginia
 
 v.
 
 The Justices, 2 Virginia Cases, 9; Ohio ex rel.
 
 v.
 
 The Governor, 5 Ohio State, 53; Coy
 
 v.
 
 The City Council of Lyons, 17 Iowa, 1.
 

 *
 

 The People
 
 v.
 
 Sup. Court, 5 Wendell, 125; The People
 
 v.
 
 Sup. Court, 10 Wendell, 289; The People
 
 v.
 
 Vermilyea, 7 Cowen, 393; Hull
 
 v.
 
 Supervisors, 19 John, 260.