[No. 19103.  In Bank.—July 21, 1893.]

## WILLIAM HAYES, APPELLANT, v. COUNTY OF LOS ANGELES, RESPONDENT.

TAXES—REFUNDING OF MONEY TWICE PAID BY MISTAKE.—Under section 3804 of the Political Code, as amended in 1889, where by accident, oversight, or mistake, the same property has been twice assessed, and the taxes twice collected, the moneys collected by mistake must be refunded.

ID.—ACTION BY ASSIGNEE OF PURCHASER AT TAX SALE.—The assignee of a purchaser at a tax sale, who made the purchase under an assessment made to another person than the owner, without knowledge either of the purchaser or the assignee that, prior to the sale, the owner had paid a tax upon the same property assessed to him, may maintain an action to recover back the amount paid by such purchaser for taxes, per cent, and costs, where the board of supervisors has refused to allow a claim therefor.

ID.—POWER OF SALE FOR TAXES—EXTINCTION OF LIEN—CONSIDERATION OF PURCHASE.—Where the taxes upon property have been once paid by the owner, the lien of the tax is extinguished, and the county has no right or power to sell the land upon another assessment, and there is no consideration for the payment of the purchase-money, and he who has paid it is entitled to recover it back.

ID.—FAILURE OF CONSIDERATION—IMPLIED PROMISE TO REFUND.—Where a sum of money has been paid upon a consideration which has entirely failed, the law implies a promise to refund it.

ID.—CAVEAT EMPTOR.—The doctrine of caveat emptor, as applied to purchasers at tax sales, has no application to cases where the attempted sale for taxes is absolutely void by reason of the taxes having been previously paid.

ID.—STATUTORY CONSTRUCTION—"MAY" CONSTRUED AS "SHALL"—DUTY OF PUBLIC OFFICERS.—Under section 3804 of the Political Code, providing that "any taxes, per cent, and costs paid more than once, or erroneously or illegally collected, may, by order of the board of supervisors, be refunded," etc., the word "may" is to be construed as "shall," and the supervisors have no option to refuse to provide for refunding the amount so paid. Where the public interest, or private right, or justice, requires that a thing to be done by public officers should be done, the word "may" is generally to be construed as meaning the same as "shall" or "must."

ID.—PROTECTION OF PURCHASER AT TAX SALE.—Section 3804 of the Political Code is not limited in its application to tax-payers alone, but includes and protects the purchaser at a tax sale who pays the taxes; and if the purchaser pays at

such sale taxes after the owner has previously paid, it is a payment "more than once" within the purview of the statute, for which the purchaser or his assignee may recover from the county as provided in that section.

ID. — ACTION AGAINST COUNTY — PARTIES — STATE. — The state is not a necessary party defendant to an action against the county to recover taxes paid more than once, pursuant to section 3804 of the Political Code, where it does not appear that the state has received any portion of the tax in question.

ID. — STATUTE OF LIMITATIONS — RELIEF ON THE GROUND OF MISTAKE — INCHOATE RIGHT — DISCOVERY OF MISTAKE. — Where the claim for the refunding of taxes is evidently founded upon the mistake of the collector in selling the property for taxes, when the taxes have been once paid upon it, and the mistake is not discovered by the purchaser or his assignee, until the refusal of the tax collector to give a deed for such taxes, the claim for a refunding the taxes from the county is inchoate until such date, and the cause of action is to be deemed as accruing under subdivision 4 of section 338 of the Code of Civil Procedure, at the date when the mistake and the facts connected therewith were first discovered.

ID. — CONSTRUCTION OF COUNTY GOVERNMENT ACT — MISTAKE OF TAX COLLECTOR — DISCOVERY OF FACTS. — Section 41 of the County Goverment Act, which provides that all claims shall be presented to and filed with the clerk of the board of supervisors within one year after the last item in the account or claim accrued, is not to be construed as defeating a claim against the county for the refunding of taxes paid by the purchaser more than one year before the presentation of the claim, where such claim is founded upon a mistake of the tax collector in selling the property; which was not discovered by the purchaser, or the facts upon which the liability of the county depends were withheld for the purchaser, until less than one year before the presentation of the claim.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

*Spencer G. Millard,* for Appellant.

The consideration for which plaintiff paid his money having entirely failed, he is entitled to recover his money back. (*Chapman* v. *City of Brooklyn,* 40 N. Y. 372; Parsons on Contracts, 7th ed., p. 492; *Corbin* v. *City of Davenport,* 9 Iowa, 239; *Clapp* v. *Pinegrove Township,* 138 Pa. St. 35; *Bredin* v. *Cranberry Township,* 87 Pa. St. 441; *Town of Virden* v. *Needles,* 98 Ill. 366; *White* v. *City of Brooklyn,* 122 N. Y. 53; *Reid* v. *Board of Supervisors,* 128 N. Y. 364; *Woodruff* v. *Trapnall,* 10 How. 190; *Furman* v. *Nichol,* 8 Wall. 44; *S. C. V. Peat Fuel Co.* v. *Tuck,* 53 Cal. 304.) The rule of *caveat emptor* does not apply here. (*Phillips* v. *City of Hudson,* 31 N. J. L. 143; Hilliard on Taxation, 564; *Clapp* v. *Pinegrove Township,* 138 Pa. St. 35.) The cases to the contrary are cases where the sale

proves ineffectual to pass the title by reason of illegality in the assessment, and are not cases where the sale is absolutely void. (*Barber* v. *Evans*, 27 Minn. 92; *McCormick* v. *Edwards*, 69 Tex. 106; *State* v. *Casteel*, 110 Ind. 174; *St. Louis etc. R'y Co.* v. *Alexander*, 49 Ark. 190; Cooley on Taxation, 5th ed., p. 546.) The Political Code authorizes a recovery in this case. (Pol. Code, sec. 3804.) The word "may" in the statute should be construed as "must." (*Phelps* v. *Hawley*, 52 N. Y. 23; *Newburgh Turnpike Road* v. *Miller*, 5 Johns. Ch. 112; 9 Am. Dec. 274; *Malcom* v. *Rogers*, 5 Cowen, 188–193; 15 Am. Dec. 464; *Rex* v. *Barlow*, 2 Salk. 609; *Blackwell's Case*, 1 Vern. 152; *Estate of Ballentine*, 45 Cal. 696; *Estate of Burton*, 63 Cal. 37; *In re Davis*, 69 Cal. 459.) The cause of action herein is not barred by the statute of limitations, as it was not deemed to have accrued until the discovery of the facts constituting the mistake. (Code Civ. Proc., sec. 338, subd. 4; *Breen* v. *Donnelly*, 74 Cal. 301; *White* v. *City of Brooklyn*, 122 N. Y. 53; *Reid* v. *Board of Supervisors*, 128 N. Y. 364.)

*District Attorney James McLachlan, Waldo M. York,* and *B. M. Marble,* for Respondent.

Section 3804 of the Political Code does not apply to this case. The assessment being a double one was therefore void, and the payment therefore being a voluntary one, the purchaser stands in the position of a mere volunteer. (*Harper* v. *Rowe*, 53 Cal. 233; *Loomis* v. *Los Angeles Co.*, 59 Cal. 457; *O'Brien* v. *Colusa Co.*, 67 Cal. 503; *Grimley* v. *Santa Clara Co.*, 68 Cal. 575.) The rule of *caveat emptor* applies in this case to its fullest extent. (*Wills* v. *Austin*, 53 Cal. 152; *Cooper* v. *Chamberlain*, 78 Cal. 450; *State* v. *Casteel*, 110 Ind. 174; *Logansport* v. *Humphrey*, 84 Ind. 467; *McCormick* v. *Edwards*, 69 Tex. 106.) The claim is barred by the statute of limitations. (County Government Act, sec. 41.)

SEARLS, C. — This action was instituted to recover from the county of Los Angeles taxes levied for the fiscal year ending June 30, 1890, and paid upon a delinquent sale of property by the assignors of plaintiff.

According to the averments of the complaint the officers

assessed certain real property in the county of Los Angeles to the owner thereof, and also assessed the same property for the same fiscal year to one Samuel Stratton. The owner paid the tax levied upon the property. The assessment to Stratton was not paid, and after the usual notice the tax collector of defendant, on the seventh day of March, 1890, offered the property for sale, representing that the state and county taxes thereon for the fiscal year ending June 30, 1890, had not been paid, and were still due and unpaid; that A. W. Berry, relying upon the facts so stated by the tax collector, became the purchaser of the property, paying therefor the taxes, per cent, and costs represented to be due on account of the taxes thereon, which amounted together with the costs of the certificate to $35.96.

Berry received a tax certificate which he assigned to plaintiff, and the latter, after notice had been given as provided by law, applied on the tenth day of September, 1891, to the tax collector and demanded a tax deed of the purchased premises, which was refused upon the ground that the tax had been paid prior to the payment shown in the written certificate. Neither plaintiff nor his grantor had any notice that the tax upon the property had been once paid prior to the sale until September 10, 1891.

On the eighth day of October, 1891, plaintiff presented to the board of supervisors of the county of Los Angeles a claim for the amount paid by his assignor on account of the double assessment, which the board refused to allow.

The complaint contains other causes of action stating facts similar to those above stated, differing only as to name, date, and amount, which causes of action aggregate the sum of $325.35, for which judgment is demanded.

Defendant interposed a demurrer to the complaint upon the grounds: 1. That there is a defect of parties defendant, in that the state of California is not made a defendant. 2. That the complaint does not state facts sufficient to constitute a cause of action. 3. That the demand is barred by section 41 of the act of March 14, 1883, and of March 31, 1891, known as the County Government Acts.

Section 3804 of the Political Code prior to 1889 read as follows: —

"Any taxes, per centum, and costs erroneously or illegally collected may by the order of the board of supervisors be refunded by the county treasurer."

We are referred to a number of cases, among them *Loomis* v. *County of Los Angeles,* 59 Cal. 456, and *Harper* v. *Rowe,* 53 Cal. 234, as tending to sustain respondent's position that no recovery can be had.

On the nineteenth day of March, 1889, section 3804 of the Political Code above quoted was amended to read as follows: —

"Any taxes, per centum, and costs paid more than once, or erroneously or illegally collected, may by the order of the board of supervisors be refunded by the county treasurer; and whenever any payments shall have been made to the state treasurer by the county treasurer, as provided for by sections 3865 and 3866 of this code, and it shall afterwards appear to the satisfaction of the board of supervisors that a portion of the moneys so paid has been paid more than once, or erroneously or illegally collected, said board may refund such portion of said taxes, per centum, and costs so paid to the state treasurer to the person entitled to the same out of the general fund in the county treasury, and said board shall thereupon certify to the state controller the amount of such taxes paid more than once, or illegal or erroneous tax, per centum, and costs so collected and refunded; and thereupon said controller shall draw his warrant upon the state treasurer in favor of the treasurer of said county for the amount so certified to him, and said treasurer shall pay said warrant as in other cases."

It had often occurred, prior to the amendment to the code above quoted, that by accident or oversight property was twice assessed and the taxes twice collected, yet the obstacles in the way of a recovery of the taxes thus improperly collected were so numerous and perplexing that the remedy for a recovery was scarcely worth pursuing. That the object of the statute was to obviate these difficulties, and provide a means for the recovery of moneys collected by mistake and to which the county and state have neither a moral nor legal right, is apparent.

When the taxes upon property have for a given fiscal year been once paid by the owner, the county has no right or power to sell or in any manner affect or encumber the land by a sale

thereof. The lien of the tax is gone, and as the implied right which, in the event of a failure to redeem, ripens into a title in the purchaser has no existence, there is no consideration for the purchase-money, and he who has paid it ought in justice to be entitled to recover it back.

" When the consideration appears to be valuable and sufficient but turns out to be wholly false, or a mere nullity, or where it may have been actually good, but before any part of the contract has been performed by either party, and before any benefit has been derived from it to the party paying or depositing money for such consideration, the consideration wholly fails, there a promise resting on this consideration is no longer obligatory, and the party paying or depositing money upon it can recover it back." (1 Parsons on Contracts, 7th ed., p. 462; *Chapman* v. *City of Brooklyn*, 40 N. Y. 372; *Corbin* v. *City of Davenport*, 9 Iowa, 239.)

In *S. C. V. Peat Fuel Co.* v. *Tuck*, 53 Cal. 304, it was said : "The authorities appear to be uniform to the effect that where a sum of money has been paid upon a consideration which has entirely failed, the law implies a promise to refund it."

The doctrine of *caveat emptor* as applied to purchasers at a tax sale, invoked by counsel for respondent, has no application here.

Section 3804 was enacted to do justice in a class of cases where, but for its provisions, the application of the doctrine of *caveat emptor* would work a hardship to citizens who had paid money which it was inequitable for the county to retain.

I am of the opinion that the doctrine of *caveat emptor* has no proper application to that class of cases in which the attempted sale of real property for taxes is absolutely void by reason of the tax having been previously paid. This view is sustained by a large number of the late authorities, but for present purposes the question is not of moment, the inquiry being directed to plaintiff's right of recovery under the statute.

It is urged by respondent that the code, by providing that the board of supervisors *may* by order provide for refunding taxes, etc., paid more than once, made it optional with that body whether to do so or not, and that the board in this instance, having refused to refund, its action is conclusive upon the

plaintiff. Where the public interest or private right requires that the thing should be done, then the word "may" is generally construed to mean the same as "shall." (*People* v. *Supervisors*, 68 N. Y. 119.) Where the statute directs the doing of a thing for the sake of justice or the public good, the word "may" is the same as the word "shall." (*Rex* v. *Barlow*, 2 Salk. 609.) Where a statute directs a thing to be done for justice's sake *may* means *shall*. (*Selvey* v. *United States*, 7 Court of Claims, 334.) Where persons or the public have an interest in having the act done by a public body, *may* in such a statute means *must*. (*Phelps* v. *Hawley*, 52 N. Y. 27; *People* v. *Supervisors*, 51 N. Y. 401. See *Estate of Ballentine*, 45 Cal. 696.)

In *Supervisors* v. *United States*, 4 Wall. 436, a statute of Illinois provided that the board of supervisors " may, if deemed advisable, levy a special tax," etc. Mr. Justice Swayne sums up the authorities on the question as follows:—

"The conclusion to be adduced from the authorities is, that where power is given to public officers, in the language of the act before us, or in equivalent language—whenever the public interest or individual rights call for its exercise—the language used, though permissive in form, is in fact peremptory. What they are empowered to do for a third person, the law requires shall be done. The power is given, not for their benefit, but for his. It is placed with the depositary to meet the demands of right, and to prevent a failure of justice. It is given as a remedy to those entitled to invoke its aid, and who would otherwise be remediless."

Applying the rule enunciated in the foregoing cases, and it is apparent that a sound and just rule of construction requires the permissive word "may" in section 3804, *supra*, to be construed as "shall." There is a further contention by respondent that the section only applies to tax-payers as such, a class to which plaintiff does not belong.

Property taxes are levied upon and become a lien upon property. If the property is sold, it is to the person who will take the least quantity of the land and pay the *taxes and costs due*. (Pol. Code, sec. 3773.)

"If the purchaser does not pay the *taxes and costs* before ten o'clock A. M. of the following day, the property, on the next

sale day, before the regular sale, must be resold for the *taxes and costs.*" (Pol. Code, sec. 3774.)

After receiving the amount of the *taxes and costs*, the collector must make out in duplicate a certificate. (Pol. Code, sec. 3776.)

The purchaser at a tax sale pays the taxes as effectually as could have been done by the owner without a sale, and if they have been previously paid by the owner of the property, and it is therefore sold for the same tax, and the taxes again paid by the purchaser, it is a payment *more than once* within the purview of the statute, for which the purchaser or his assignee may recover from the county as provided in section 3804.

It follows from this conclusion that the complaint demurred to states a cause of action against the defendant and that the state of California is not a necessary party defendant.

There is no allegation in the complaint that the state has received any portion of the tax in question. To presume it to have done so for the sole purpose of passing upon the constitutionality of that portion of section 3804 of the Political Code, which provides the mode by which taxes of the character in question when paid to the state shall be refunded to the county, would require us to go outside the record in quest of a proposition which may never arise in the case.

The further point is made by the demurrer that plaintiff's cause of action is barred by the provision of section 41 of an act of the legislature of the state of California, entitled, "An act to establish a uniform system of county and township governments," approved, etc. The section in question requires all claims to be presented to and filed with the clerk of the board of supervisors within one year after the last item in the account or claim accrued. The tax in question was paid by the assignor of plaintiff on the seventh day of March, 1890. Neither plaintiff nor his assignor was aware that the tax had been paid more than once, until September 10, 1891, when the tax collector refused to deliver the tax deed. The claim was presented to the board of supervisors October 8, 1891, and rejected October 14, 1891. The 4th subdivision of section 338 of Code of Civil Procedure provides that "an action for relief on the ground of fraud or mistake. The cause of action in such case not to be deemed to have accrued until the discov-

ery, by the aggrieved party, of the facts constituting the fraud or mistake."

1. The claim of plaintiff under the statute was inchoate until September 10, 1891, when the collector furnished him the official evidence that the tax had been previously paid. Prior to that time he possessed no evidence that a deed would not be forth-coming upon demand. It was his demand for a deed, and the refusal by the collector to deliver it, for the cause specified, viz.: that the tax had been paid before the sale, that gave him a right to recover from the county.

2. Conceding, however, that we are wrong in the foregoing proposition, plaintiff's cause of action in this case, where the claim was evidently founded in a mistake by the collector, is under subdivision 4 of section 338 of the Code of Civil Procedure, to be deemed as accruing on the tenth day of September, 1891, the date when the mistake and the facts connected therewith were first discovered. To hold otherwise would be to hold that the county could, through its collector, for whose acts within the scope of his powers it is liable, unlawfully collect taxes from two or more persons upon the same property for the same fiscal year, and then by withholding the facts for a year escape liability. This cannot be regarded as within the intention of the law-making power.

I am of opinion the judgment should be reversed, and the court below directed to overrule the demurrer to the complaint.

HAYNES, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, the judgment is reversed, and the court is directed to overrule the demurrer to the complaint.

McFARLAND, J., GAROUTTE, J., HARRISON, J., FITZGERALD, J., DE HAVEN, J.