[No. 15609.    Department One.—December 22, 1894.]

SANTA CRUZ ROCK PAVEMENT COMPANY, RESPONDENT, *v.* W. D. HEATON ET AL., APPELLANTS.

STREET IMPROVEMENT—PERMISSIVE STATUTE.—Section 6 of the act to provide for work upon streets, approved March 18, 1885, which provided that "the city council may by ordinance prescribe general rules directing the superintendent of streets and the contractor as to the materials to be used, and the mode of executing the work under all contracts thereafter made," is permissive, and not mandatory upon the city council, and the prescribing of general rules is not a condition precedent to the jurisdiction of the council to order a street improvement where both the order and the contract for doing particular work sufficiently specifies the material to be used, and the mode of doing the work.

ID.—STATUTORY CONSTRUCTION—USE OF WORD "MAY."—The word "may" in a statute does not primarily and ordinarily denote the imperative mood of the verb to which it is attached, but merely imports permission, ability, possibility, and contingency, and should never be interpreted as mandatory, except by compulsion of the context, showing that the legislature must have used it in that sense.

ID.—ADOPTION OF PLANS AND SPECIFICATIONS—RESOLUTION OF COUNCIL.—The plans and specifications for a street improvement may be adopted by resolution of the council, signed by the president of the council, and do not require an ordinance signed by the mayor.

APPEAL from a judgment of the Superior Court of Alameda County.

The facts are stated in the opinion.

*Dunne & McPike*, for Appellants.

It was mandatory upon the city council to prescribe, by ordinance, general rules directing the superintendent of streets and the contractor as to the materials to be used. The word "may," as used in section 6 of the act of 1885 relating to such work, should be construed as "must." (*Ex parte Simonton*, 9 Port. 390; 33 Am. Dec. 320; *Bansemer* v. *Mace*, 18 Ind. 27; 81 Am. Dec. 344; *People* v. *Brooks*, 1 Denio, 457; 43 Am. Dec. 704; *Supervisors* v. *United States*, 4 Wall. 435; *King* v. *Inhabitants of Derby*, Skin. 370; *King* v. *Barlow*, 2 Salk. 609; *Mayor etc. of New York* v. *Furze*, 3 Hill, 614; *Thompson* v.

*Lessee of Carroll,* 22 How. 434; *Mason* v. *Fearson,* 9 How. 248.   On this see further, *Backwell's case,* 1 Vern. 152–54; 2 Chit. 251; Dwarris on Statutes, 712; *Newburgh T. Co.* v. *Miller,* 5 Johns. Ch. 113; 9 Am. Dec. 274; *Steines* v. *Franklin Co.,* 48 Mo. 167; 8 Am. Rep. 87; *State* v. *Saline County Court,* 48 Mo. 390; 8 Am. Rep. 108; *James* v. *Dexter,* 112 Ill. 489; *Kane* v. *Footh,* 70 Ill. 587; *Fowler* v. *Pirkins,* 77 Ill. 271; *Estate of Ballentine,* 45 Cal. 696; *Coopers* v. *City of San Jose,* 55 Cal. 599; *Hayes* v. *Los Angeles County,* 99 Cal. 74; *State* v. *Board of Canvassers,* 36 Wis. 498; *Phelps* v. *Hawley,* 52 N. Y. 27; *People* v. *Board of Supervisors,* 51 N. Y. 401.)   As the act provides that the general rules therein provided for shall be prescribed by ordinance, a mere resolution of the board was not sufficient.   (See Act of 1885, sec. 6; Stats. 1885, p. 151; Dillon on Municipal Corporations, sec. 96; *Day* v. *Green,* 4 Cush. 433; *Coffin* v. *Nantucket,* 5 Cush. 269; *Ruggles* v. *Nantucket,* 11 Cush. 433; *Birdsall* v. *Clark,* 73 N. Y. 73; 29 Am. Rep. 105.)

*Parker & Eells,* for Respondent.

The contention that the specifications should have been adopted by ordinance instead of by resolution is not well taken, as for all such purposes "resolution" and "ordinance" are equivalent.   (*Los Angeles* v. *Waldron,* 65 Cal. 283; *Sower* v. *Philadelphia,* 35 Pa. St. 231; *San Francisco Gas Co.* v. *San Francisco,* 6 Cal. 191.)

Vanclief, C.—Action to enforce the lien of an assessment of four hundred and thirteen dollars on defendants' lot for work done by plaintiff on Broadway, in the city of Oakland, under contract with the superintendent of streets.

The cause was submitted to the trial court upon an agreed statement of facts, whereupon judgment was rendered in favor of the plaintiff, from which defendants appeal on the judgment-roll, and contend here that the stipulated findings of fact do not support the judgment.

The street work for which the assessment was levied

upon defendants' lot was done under "An act to provide for work upon streets," etc., approved March 18, 1885 (Stats. 1885, p. 147), in section 3 of which it is provided, among other things, that "Before passing any resolution for the construction of said improvements, plans and specifications, and careful estimates of the costs and expenses thereof, shall be furnished to said city council, if required by it, by the city engineer of said city, and for the work of constructing sewers specifications shall always be furnished by him." And in section 6 of the same act it is provided: "The city council may by ordinance prescribe general rules directing the superintendent of streets and the contractor as to the materials to be used, and the mode of executing the work under all contracts thereafter made."

It appears and is admitted that the plans, specifications, and estimates for the work in this case were required by and furnished to the city council by the city engineer in strict accordance with the above extract from section 3, and that such plans and specifications were made a part of the contract for doing the work, though the work did not include the construction of any sewer. But it likewise appears that the city council of Oakland never had by ordinance prescribed any general rule as to the materials to be used or the mode of executing any kind of street work before ordering the work in question to be done, though both the order and the contract for doing the particular work in this case sufficiently and with extraordinary particularity specified the materials to be used, and the mode of doing the work.

Counsel for appellant contend in substance that the above extract from section 6 of the act is mandatory, and that strict obedience to its behest by the city council is a necessary condition precedent to the acquisition of jurisdiction of the council to order any street improvement to be made; and, consequently, that the resolution ordering the work to be done and the assessment in this case are void.

To effect this construction they interpret the word
"may," in the extract from section 6, as meaning *shall*
or *must;* and attempt to justify this interpretation on
the ground that it is necessary to effectuate the intended
object of the legislature, as manifested by the context of
the statute in which the word was used.

Primarily, and as ordinarily used in a statute, the
word "*may*" does not denote the imperative mood of the
verb to which it is attached, but merely imports per-
mission, ability, possibility, or contingency; and should
never be interpreted or understood as mandatory, ex-
cept by compulsion of the context in connection with
which it is to be read, showing that the legislature must
have used it in that sense. (*Minor* v. *Mechanics' Bank*,
1 Pet. 64; *Thompson* v. *Carroll*, 22 How. 434; *State* v.
*Neuner*, 49 Conn. 233.)

There is nothing in section 6 or in the whole act of
March 18, 1885, indicating that the legislature intended
to command the city councils to prescribe *general* rules
as to what kinds of materials should be used, or as to
mode of executing work, or that any thing more was
intended by the above extract from section 6 than the
ordinary import of the language of that extract, namely:
That city councils are thereby permitted, in the exercise
of their discretion, to prescribe such general rules as
they deem practicable.  It is improbable that the legis-
lature deemed it practicable for city councils to pre-
scribe such general rules as would be properly adapted
to all the different kinds of street improvements, though
it may have been deemed practicable to frame general
rules applicable to some kinds of work.  But, surely,
there is nothing in the act indicating an intention to
make the adoption of such general rules a condition
precedent to jurisdiction of councils to order work to be
done.  The conditions precedent to such jurisdiction
are fully provided in section 3; and, as above remarked,
the stipulated findings show that all the conditions pre-
scribed by section 3 were fully performed in this case.

The only other point made for appellant is that the

plans and specifications were adopted by mere resolution of the council, and not by an ordinance signed by the mayor.

It appears by the agreed statement that the resolution was passed by vote of eleven members of the council, and that it was signed by the president of the council.

As the plans and specifications were specially adopted for a particular improvement they were properly adopted by resolution. Only the general rules provided for by section 6 of the act need be adopted by ordinance.

I think the judgment should be affirmed.

HAYNES, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

HARRISON, J., VAN FLEET, J., GAROUTTE, J.