# PEOPLE VS. RAENTSCH

Dunn, White & Aiken, Attorneys for the defendants.

California State Constitution, Art. I, Sec. 13. In Re Rider, 50 Cal. App. 797.

Penal Code, Section 1093, Subd. 5, provides:

"When the evidence is concluded, unless the case is submitted to the jury on either side, or on both sides, without argument, the district attorney, or other counsel for the people, and counsel for the defendant, may argue the case to the court and jury; the district attorney, or other council for the people, opening the argument and having the right to close."

Penal Code, Sec. 1095, provides as follows:

"If the indictment or information be for an offense punishable with death, two counsel on each side may argue the case to the jury. If it be for any other offense, the court may, in its discretion, restrict the argument to one counsel on each side."

From the foregoing, it will be seen that the limit of the court's discretion is that it may direct that one counsel on a side may argue a criminal case. The law of the matter is found under Trial, 38 Cyc. at page 1470:

"A party litigant has the right to address the jury by his counsel where there is an issue in the case to be submitted to the jury, and the party is not in default. This is so although the facts may appear plain to the court. This right includes the right to reargue the case where after argument the original instructions are withdrawn and materially different instructions are given, if a seasonable request is made; but not the right to reargue the case where the jury after retirement requests additional instructions, in which event the right of reargument is discretionary with the court. Where the issues are issues of law only, where the evidence is not sufficent to sustain a verdict, where there is nothing fairly debatable, or where the

facts are admitted and capable of but one inference the court may decline to permit counsel to address the jury. So the court is not bound to hear arguments as to the admissibility of evidence, and it may also decline to permit an attorney who has testified for his client to address the jury in that cause. But the court may, in its discretion, permit such counsel to address the jury, although a rule of court prohibits it. To furnish the basis of complaint a denial of the right of argument must be express and not by implication, and must not have been acquiesced in by counsel."

Under the foregoing authority, there are a large number of cases cited, and from the declaration of the right to argue, it necessarily follows that a refusal to allow argument would, as in the authorities cited, be held error.

It will be noticed that every authority cited in support of the foregoing proposition is a civil case. Apparently no court has ever yet presumed to refuse a partythe right to argue in a criminal case. In the case of Douglass vs. Hill, 29 Kans. 527, Justice Brewer, at that time a member of the Kansas Supreme Court and subsequently a member of the United States Supreme Court, said of the denial of the trial court to permit argument in that case (at pages 528 and 529):

"A party to a law suit has a right to be heard, not merely in the testimony of

his witnesses, but also in the arguments of his counsel. It matters not how weak and inconclusive his testimony may be, if it is enough to present a disputed question of fact upon which he is entitled to a verdict of the jury, he has a right to present in the arguments of his counsel his view of the case. **This is no matter of discretion on the part of the court, but an absolute right of the party.** Courts doubtless may prevent their time from being unnecessarily occupied by prolix arguments, and so may limit the time which counsel shall occupy. And if the restriction is a reasonable one in view of the questions involved, and the testimony presented, there will be no error. (The State vs. Riddle, 20 Kans. 716.) But limiting the time of an argument and refusing to permit any argument at all, are entirely different matters. The one is the exercise of a discretion, the other is a denial of a right. (Weeks on Attorneys at Law, pp. 209, 213, Sec. 110, 115; Proffatt on Jury Trials, Sec. 248; Garrison vs. Wilcoxson, 11 Ga. 154; People vs. Keenan, 13 Cal. 581; Commonwealth vs. Porter, 10 Metc. 263; Commonwealth vs. Austin, 7 Gray, 51; Wilkins vs. Anderson, 11 Pa. St. 399; Dobbins vs. Oswalt, 20 Ark. 619; Tobin vs. Jenkins, 29 id. 151; Brooks vs. Perry, 23 id. 32; Bertrand vs. Taylor, 32 id. 470; Cory vs. Silcox, 5 Ind. 370; State vs. Page, 21 Mo. 257; Fre-

ligh vs. Ames, 31 id. 253; Trice vs. Rld. Co. 35 id. 416; Bierson vs. Mahoney, 6 Baxter (Tenn.), 304; Coldwell vs. Brower, 75 Ill. 516; Slate Co. vs. Meyer, 8 Daly, 61; Millard vs. Thorne, 56 N. Y. 402)."

In addition to the foregoing authorities, and in support of the proposition that the statute gives the absolute right, attention is called to the language of Section 1093 of the Penal Code, Subdiv. 5, where in it is laid down that when the evidence is concluded, unless the case is submitted to the jury without argument, that counsel for both parties "May argue the case to the court and jury." The word "May" as thus used, having reference to the right of the defendant, is mandatory in its nature, and not merely permissive. Such is the holding in Matter of Application of Cencinino, 31 C. Ap. 241.

In the discussion of the question as to the meaning of the word "may" the court said:

"The word 'may' as used in a statute or constitution is often interpreted to mean 'shall' or 'must.' Such interpretation always depends largely, if not altogether, on the object sought to be accomplished by the law in which that word is used. It seems to be the uniform rule that, where the purpose of the law is to clothe public officers with power to be exercised for the benefit of third persons, or for the public at large—that is, where

the public interest or private right requires that the thing should be done—then the language, though permissive in form, is peremptory. As was said by the supreme court of the United States in Supervisors vs. United States, 4 Wall. 436, (18 L. Ed. 419), construing a statute of the state of Illinois similarly phrased to the provision in question here: 'What they (public officers) are employed to do for a third person, the law requires shall be done. The power is given, not for their benefit, but for his. It is given as a remedy to those entitled to invoke its aid.' (See, also, Hayes vs. County of Los Angeles, 99 Cal. (33 Pac. 766).

Similar is the holding in the case of In re Chadbourne, 15 C. Ap. 363, 369, wherein the court said:

"In accordance with this primary rule of interpretation courts have construed 'may' as mandatory, giving it the meaning of 'shall' or 'must' (Estate of Ballentine, 45 Cal. 699; Hayes vs. County of Los Angeles, 99 Cal. 74, (33 Pac. 766); Sutherland on Statutory Construction, sec. 634); and in many cases it is held that shall and must are directory merely. (Wallace vs. Feeley, 61 How. Pr. (N. Y). 225; Merrill vs. Shaw, 5 Minn. 148; In re Thurber's Estate, 162 N. Y. 244, (56 N. E. 631);

Stone vs. Pratt, 90 Hun. 39, (35 N. Y. Supp. 519); First Nat. Bank of Seneca vs. Lyman, 59 Kan. 410, (53 Pac. 125); Cook vs. Spears, 2 Cal. 409, (56 Am. Dec. 348); People vs. Sanitary Dist. of Chicago, 184 Ill. 597, (56 N. E. 953).

Other authorities may be noted as follows:

Hayes vs. County of Los Angeles, 99 Cal. 74; Queeny vs. Higgins, 136 Iowa, 573; Trail vs. Trail, 56 W. Va. 594; Lapsley vs. Merchants' Bk. of Jefferson City, 105 Mo. App. 98; Smalley vs. Paine, 102 Tex. 304; Ex parte Young, 49 Tex. Cr. R. 536 (citing Lewis' Sutherland, Stat. Const. Sec. 636); Tarver vs. Commissioners' Court of Tallapoosa County, 17 Ala. 527; Mitchell vs. Duncan, 7 Fla. 13; David vs. Levy, 119 Ala. 241; Smith's Petition, 5 Pa. Dist. R. 465; Graham vs. City of Tuscumbia, 146 Ala. 449; Hubbard vs. Lamburn, 189 Mass. 296; Borough of Vineland vs. Denoflio, 74 N. J. Law, 326.