Campbell, Chief Justice,
delivered the opinion of the court :
The Rodman Chemical Company, assignee of Hugh Rod-man, alleged inventor of “ a .new- ahd useful improvement in methods of making activated carbon,” sues to recover compensation for the use of the invention by the Government. The petition in one aspect predicates the right to sue upon the act of October 6, 1917, 40 Stat. 394, or, in the alternative, upon the act-of June 25, 1910, as amended by the act of July 1, 1918, 40 Stat. 705.
The Government has interposed a demurrer, and upon the questions thus raised the case is before the court. The act of October 6, 1917, upon which plaintiff principally relies, is entitled “An act to prevent the publication of inventions by the grant of patents that might be detrimental to the public safety or convey useful information to the enemy, to stimulate invention, and provide adequate protection to owners of patents, and for other purposes,” and provides:
“ That whenever during a time when the United States is at war the publication of an invention by the granting of a patent might, in the opinion of the Commissioner of Patents, be detrimental to the public safety or defense or might assist the enemy or endanger the successful prosecution of the war he may order that the invention be kept secret and withhold the grant of a patent until the termination of the war: Provided, That the invention disclosed in the application for said patent may be held abandoned upon it being established before or by the commissioner that in violation of said order said invention has been published or that an application for a patent therefor has been filed in a foreign country by the inventor or his assigns or legal representatives, without the consent or approval of the Commissioner of Patents, or under a license of the Secretary of Commerce as provided by law.
“When an applicant whose patent is withheld as herein provided, and who faithfully obeys the order of the Commissioner of Patents above referred to, shall tender his invention to the Government of the United States for its use, he shall, if and when he ultimately received a patent, have the right to sue for compensation in the Court of Claims, such right to compensation to begin from the date of the use of the invention by the Government.”
*41 It is averred that the plaintiff and its assignor, Rodman, have complied with all of the provisions of this act; that they have kept the invention secret; have not published it, and have made no application for a patent for it in a foreign country, and that a tender of its use was duly made to the Government. The averments show (Paragraph IX) that Rodman developed his improvement in methods of making activated carbon on or about July 1, 1918, and at a conference with representatives of the Government held on July 26 and 27, 1918, he disclosed minutely to them his invention and notified them that an application for a patent was soon to be filed. The application was" filed August 21, 1918, and a patent did not issue until July 6, 1926. It is not averred that the Commissioner of Patents ever made an. y order that the invention be kept secret and the question is Í whether, under this act of October 6, 1917, there can be a , cause of action in the absence of such an order. This act is j confined to a time when the United States is at war. Under stated conditions the Commissioner of Patents may order that the invention be kept secret and withhold the grant of a patent until the termination of the war. It was said in Zeidler's case, 61 C. Cls. 537, 553, that the commissioner was given discretion to enforce secrecy. This order may issue when in his opinion the granting of a patent might be detrimental to the public safety or defense or might assist the enemy or endanger the successful prosecution of the war. The right of an applicant to sue is given where the patent is withheld, as provided in the act. There is no authority for suing under the act where the commissioner has not ordered that the invention be kept secret. The plaintiff’s contention that the act is mandatory and not permissive (Supervisors v. United States, 4 Wall. 435, 447) can not be sustained when the whole act is considered, but if it could be sustained the situation would not be changed because the right to sue is based on his having issued the secrecy order withholding the patent. There was such an order of secrecy upon another invention that eventually ripened into a patent described in several paragraphs of the petition, III to VIII, but this “withholding order was rescinded on December 5, 1918.” No withholding order was issued on the invention in ques *42 tion here and it is in no way connected with the earlier invention.
Upon another phase of the petition the claim is that suit can be maintained under the act of June 25, 1910, as amended by the act of July 1, 1918, 40 Stat. 705. The act of 1910 was intended to give a right of action in the Court of Claims for infringement, when before the act the right of action was confined to contract, express or implied. The amending act of 1918 enlarged the earlier one but is confined to “ patented inventions.” See De Forest Radio Telephone Co. v. United States, 278 U. S. 236, 237. An invention “ described in and covered by a patent ” presupposes the existence of a patent. It is said in Gayler v. Wilder, 10 How. 477, 493, that the inventor’s right is created by the patent “ and no suit can be maintained by the inventor against anyone for using it before the patent is issued.” It is said in Marsh v. Nichols, 128 U. S. 605, 612: “ Until the patent is issued there is no property right in it; that is, no such right as the inventor can enforce.” There is no reason to think that the acts of 1910 and 1918 were intended to confer the right to sue the Government except for infringement of the patent by the Government or its contractor. See Richmond Screw Anchor case, decided by the Supreme Court January 3, 1928, 275 U. S. 331.
As already stated, the theory upon which the petition proceeds is a right to maintain the suit under the provisions of the act of October 6, 1917, or under the act of June 25, 1910, as amended by the act of July 1, 1918. (See Paragraph XVI of petition.) In its brief, however, there is an assertion that the Government’s use of the process or invention was under an implied contract. The allegations relied on to show an implied contract are less definite than are desirable, under the liberal rule stated in the cases of Berdan Fire-Arms Mfg. Co., 156 U. S. 552, 569, and Société Anonyme, 224 U. S. 309, and it may be noticed that these cases were for the use of patented inventions. Whether the same rule is applicable for the- use of an alleged un-patented device, in the absence of an express contract to pay for its use, we need not consider, because in any view *43 of that question an action upon contract can not be maintained in this case. The use complained of is thus stated in Paragraph XI of the petition: “ That the actual use of said invention of a new and useful improvement in methods of making activated carbon by the Government of the United States was begun on or about September 1, 1918, and continued until some time about the middle of the year 1919.” The use therefore began and ended more than six years before the original petition was filed, on July 6, 1927. This furnishes a complete answer to a suit upon contract and to a suit founded on the act of 1910, as amended by the act of 1918, as well, because of the bar of the statute of limitations which in this court is jurisdictional. It is said in the Berdan case, supra (p. 570): “ We are of opinion that the Court of Claims ruled correctly that the statute of limitations was a bar to any recovery for the use of the patented invention prior to six years before the action was commenced.”
The demurrer to the amended petition should be sustained and the petition dismissed: And it is so ordered.
Moss, Judge; Graham, Judge; and Booth, Judge, concur.