[Civ. No. 25016.   Second Dist., Div. Two.   July 17, 1961.]

COUNTY OF LOS ANGELES, Respondent, v. EDMUND I. READ, as Executor, etc., Appellant.

Edmund I. Read, in pro. per., for Appellant.

Harold W. Kennedy, County Counsel, Richard L. Riemer and Gordon W. Treharne, Deputy County Counsel, for Respondent.

McMURRAY, J. pro tem.*—Appeal from a judgment for plaintiff granting reimbursement for certain hospital care furnished appellant's testator and his spouse in a Los Angeles County medical facility.

Appellant's testator died on November 25, 1954; appellant qualified as executor of the estate on January 11, 1955; first notice to creditors was published on January 14, 1955; on April 19, 1955, respondent filed its creditor's claim of $3,128.38 for hospital care furnished decedent and his wife; this claim

---

* Assigned by Chairman of Judicial Council.

was rejected on April 27, 1955, and thereafter on March 19, 1956, respondent brought this action for reimbursement under sections 2576, 2600 and 2603 of the Welfare and Institutions Code.

Section 2576 of the Welfare and Institutions Code relates to charging the spouse, parent and adult child of the recipient of medical aid with the expenses of such aid, and sections 2600 and 2603 concern the enforcement of a county's claim for reimbursement from property acquired by the recipient of aid.

A special and general demurrer to the complaint was overruled by the trial court and appellant's answer put in issue three points: (1) the financial ability of decedent to reimburse respondent at the times the aid was rendered, (2) whether or not there was a determination as to such financial ability by the county board of supervisors, and (3) the effect of the statute of limitations.

Appellant argues that the general demurrer should have been sustained by the court below because: the complaint failed to allege a determination by the board of supervisors that the decedent was pecuniarily able to support or contribute to the support of his wife during the period that aid was furnished by the respondent and at the time the matter came before the board, as required by section 2576 of the Welfare and Institutions Code; there was no allegation that the decedent had acquired property after public funds had been expended for his support pursuant to section 2603 of the Welfare and Institutions Code; and there was no allegation as to what policy, if any, the board of supervisors had established with reference to the amount of property a recipient of public assistance shall be permitted to hold pursuant to section 2600 of the Welfare and Institutions Code.

Appellant also argues that the evidence was insufficient to support the findings of fact, conclusions of law and the judgment, and that the findings of fact were insufficient to support the conclusions of law and judgment, and contends that respondent's claim is barred by the applicable statute of limitations.

It appears that appellant's testator was admitted to a Los Angeles County hospital on December 31, 1951, as a medically indigent person under the Old Age Security Law (Welf. & Inst. Code, § 2160) with a departmental rating of eligibility up to January 30, 1952, which indicated that he would not have sufficient funds to take care of his medical needs. Testa-

tor's wife was admitted to the same hospital on December 3, 1951, on the same basis as her husband and remained there continuously until her death on August 29, 1952. Testator was thereafter readmitted to the hospital on November 5, 1954, under the same circumstances as in 1951. Upon his death on November 25, 1954, the assets of his estate consisted of his residence property, appraised at $3,160, the net proceeds of a sale thereof being $2,888.47. No mortgage or security of any kind was ever given by testator, nor, during his lifetime, was any agreement executed for reimbursement of funds expended. The order of the board of supervisors authorizing suit on the rejected claim was dated February 21, 1956, and this action was filed on March 19, 1956.

Appellant first argues that his general demurrer should have been sustained by the trial court. ▐▌ A general demurrer is concerned with the question of whether the facts pleaded constitute a cause of action (Code Civ. Proc., §§ 426, 430), and is properly sustained only in those instances where no cause of action at all is shown by the complaint. (*Summers* v. *Farish* (1858), 10 Cal. 347, 350; *Matteson* v. *Wagoner*, 147 Cal. 739, 742 [82 P. 436] ; *Simpson* v. *Gillis*, 1 Cal.2d 42 [32 P.2d 1071] ; *Loope* v. *Greyhound Lines, Inc.*, 114 Cal.App.2d 611 [250 P.2d 651] ; *Augustine* v. *Trucco*, 124 Cal.App.2d 229 [268 P.2d 780].)

▐▌ To properly state a cause of action under section 2576 of the Welfare and Institutions Code it is necessary that the county board of supervisors make a determination of ability to support or contribute to support before authorizing suit.[1] Appellant contends no such determination was made.

▐▌ Allegation VIII of respondent's complaint states that the board of supervisors authorized the commencement and prosecution of this action. Since there is a statutory presumption that the board of supervisors acted in accordance with the statute and performed their duty correctly (Code Civ. Proc., § 1963, subd. 15; *Bringle* v. *Board of Supervisors*,

---

[1]Section 2576 as here apposite provides: ". . . The board of supervisors of the county rendering aid shall determine if the spouse, parent or adult child, or any of them have financial ability to support or contribute to the support of the recipient and were pecuniarily able to support or contribute to the support of the recipient during the time aid was rendered. If in the opinion of the board of supervisors pecuniary ability existed when the aid was given and exists when the matter comes before the board of supervisors, the board shall request the district attorney or other civil legal officer of the county granting aid to proceed against such responsible relative or relatives, . . ."

54 Cal.2d 86, 89 [351 P.2d 765], and cases therein cited), the action by the board in authorizing suit contained by necessary implication the finding required by section 2576 of the Welfare and Institutions Code.

Appellant next contends that because the complaint failed to allege a policy determination by the board of supervisors pursuant to section 2600 of the Welfare and Institutions Code, no cause of action was stated. That section states in pertinent part: ''The board of supervisors of any county may establish its own policies. . . .'' (Welf. & Inst. Code, § 2600.) This statute, using as it does the word ''may,'' is, under familiar rules of statutory construction, permissive rather than mandatory. (*Santa Cruz Rock Pavement Co.* v. *Heaton,* 105 Cal. 162, 165 [38 P. 693]; *Kemble* v. *McPhaill,* 128 Cal. 444 [60 P. 1092]; *Ostrander* v. *Richmond,* 155 Cal. 468 [101 P. 452]; *Roberts* v. *Duffy,* 167 Cal. 629, 638 [140 P. 260]; *Crowley* v. *Board of Supervisors,* 88 Cal.App.2d 988, 994-995 [200 P.2d 107].) Therefore, even granting plaintiff's failure to allege the policy determination, such allegation was not essential to stating a cause of action.

A cause of action under section 2576 of the Welfare and Institutions Code was sufficiently stated in the complaint and the overruling of the general demurrer was proper.

Section 2603 of the Welfare and Institutions Code, upon which the judgment in this case is partially based, states that the county shall have a claim against any person who has received county aid and who thereafter acquires property. Under the rules of statutory construction that the plain meaning of a statute must be followed, courts are prohibited from speculating that the Legislature meant something other than what it said. (*Bakersfield Home Bldg. Co.* v. *J. K. McAlpine Land & Dev. Co.,* 26 Cal.App.2d 444, 448-449 [79 P.2d 410]; *Chavez* v. *Sargent,* 52 Cal.2d 162, 205 [339 P.2d 801].) Section 2603 (Welf. & Inst. Code) explicitly and exclusively pertains to after-acquired property—not to property in the possession and control of a medically indigent person before treatment commences. Here there was no finding of fact that the property was acquired after treatment was rendered, nor any finding of fact as to the character of the property, and since such findings are essential to an action under the code section, that part of the judgment which rests on section 2603 of the Welfare and Institutions Code is reversed.

■ The only other basis of liability is found in section 2576 of the Welfare and Institutions Code.[2] Under this section liability is created at the time aid is in fact rendered, and section 345 of the Code of Civil Procedure requires that an action by a county to recover money due for the support of an indigent at a county hospital must be commenced ". . . within four years after the accrual . . ." of such cause of action. (Code Civ. Proc., § 345.) Here, therefore, all aid rendered before March 19, 1952, was barred by limitation since it was rendered more than four years prior to the filing of the action.

Since from the record before us it can only be determined inferentially how much of the judgment relates to charges for aid rendered before March 19, 1952, a period barred by the statute of limitations, and since the judgment purportedly rests in part on section 2603 of the Welfare and Institutions Code, under which we have found essential findings lacking, the judgment is reversed.

Fox, P. J., and Ashburn, J., concurred.

Petitions for a rehearing were denied August 14, 1961, and the following opinion was then rendered:

THE COURT.—The suggestion of respondents that this court modify the judgment cannot be followed as the record does not contain specific evidence of charges made since the running of the statute of limitations.

---

[2]Section 2576: "[*Liability of kindred; determination of financial ability; enforcement proceedings.*] All aid rendered by the county under this chapter shall be a charge against the spouse, parent and adult child of the recipient thereof and the county rendering aid shall be entitled to reimbursement therefor. . . ."