[Civ. No. 24890.   First Dist., Div. Three.   July 24, 1968.]

HENRY HOFACKER et al., Plaintiffs and Respondents, v. BOARD OF SUPERVISORS et al., Defendants and Appellants.

David L. Luce, District Attorney, and Burt W. Busch, Deputy District Attorney, for Defendants and Appellants.

W. J. Harpham for Plaintiffs and Respondents.

SALSMAN, J.—Respondent Henry Hofacker and others petitioned the superior court for mandate to compel the Board of Supervisors of Lake County to call a special election to elect two members of the governing board of the Redbud Hospital District, a local hospital district in Lake County. The superior court ordered that the peremptory writ issue, and the Board of Supervisors has appealed. We affirm.

The facts are not in dispute. The Redbud Hospital District was formed in 1964 under division 23 of the California Health and Safety Code, sections 32000-32492 inclusive. The Board of Supervisors appointed the first members of the district's board of directors, as required by law (Health & Saf. Code, § 32100). The terms of two members of the board expired January 3, 1967. Under the provisions of Health and Safety Code section 32100.3, the secretary of the hospital board was required to give notice of an election to fill these vacancies, but the provisions of the statute were not fulfilled and the board did not call an election. In December 1966, a suit was filed challenging the status of the two directors whose terms were to expire the following January. Subsequently the two challenged directors resigned and the pending suit was dismissed. The hospital board then appointed two new members to fill the vacancies.

In March 1967 petitioners herein notified the Lake County Board of Supervisors that the hospital district had failed to call an election to fill the positions of the two directors whose terms had expired, and requested the Board of Supervisors to call a special election. The board considered this request, and on or about April 10, 1967 denied it. Respondents then filed their petition for mandate, contending that the Board of Supervisors had no discretion in the premises and was required by law to call the special election.

Sections 32100.3 to 32101, inclusive, of the Health and Safety Code direct the manner in which hospital district elections shall be held. These sections are mandatory and there is no question but that the hospital district was here required to call an election in November 1966 for the two offices of directors whose terms expired on January 3, 1967.

The only statutory provision that purports to provide a

remedy in the event a special district fails to call an election at which members of the governing board of the district may be selected is section 2505 of the Elections Code. That section reads: "If the governing body of any special district fails to call or to take any other steps necessary to the holding of the regular district election at which any member or members of the governing body of the district are to be selected, the board of supervisors of the county in which the district is located, upon being notified of this fact by any voter in the district, *may* call a special election within the district for the selection of the governing board member or members involved. The election shall be held not later than 90 days after it is called by the board of supervisors, and shall be conducted in the same manner as the regular district election. The costs of such special election shall be borne by the district for which the election is held." (Italics ours.)

The wording of the statute presents the single issue to be decided in this case. Does the word "may" as used in the statute create a mandatory duty on the part of the Board of Supervisors to call a special election where the governing board of a special district has failed to call a regular election to select members of the board? In short, does the word "may" here mean "must"?

Section 2505 was added to the Elections Code as an urgency measure in 1965. It appears to relate to any special district. Our research discloses no case in which the section has been construed or applied.

Government Code section 5 reads as follows: *"Unless the provision or the context otherwise requires,* these general provisions, rules of construction, and definitions shall govern the construction of this code." (Italics ours.) Section 14 of the same code states: " 'Shall' is mandatory and 'may' is permissive."

The judicial interpretation of the word "may" is well summarized in *Crowley* v. *Board of Supervisors,* 88 Cal.App. 2d 988, 994-995 [200 P.2d 107] where the court said: "In *Santa Cruz R. P. Co.* v. *Heaton,* 105 Cal. 162, 165 [38 P. 693], the Supreme Court said, 'Primarily, and as ordinarily used in a statute, the word "may" does not denote the imperative mood of the verb to which it is attached, but merely imports permission, ability, possibility, or contingency; and should never be interpreted or understood as mandatory, except by compulsion of the context in connection with which it is to be read, showing that the legislature must

have used it in that sense. (*Minor* v. *Mechanics' Bank*, 1 Pet. [46] 64 [7 L.Ed.47]; *Thompson* v. *Carroll*, 22 How. 434 [16 L.Ed. 387]; *State* v. *Neuner*, 49 Conn. 233.)' In accordance with this rule of construction, the word 'may' has occasionally been interpreted to mean 'shall' or 'must' under circumstances requiring such a result in order to give effect to a clear legislative intention to impose a mandatory duty (*Uhl* v. *Badaracco*, 199 Cal. 270 [248 P. 917]; *Stockton P. & S. Co.* v. *Wheeler*, 68 Cal.App. 592 [299 P. 1020]; or where to deny this construction would result in a failure of justice as to persons who would be otherwise without remedy (*Supervisors* v. *United States*, 71 U.S. (4 Wall.) 435, 447 [18 L.Ed. 419, 423], quoted and followed in *Hayes* v. *County of Los Angeles*, 99 Cal. 74, 79-80 [33 P. 766]); or where 'the rights of the public or of other persons . . . are dependent upon the exercise of the power conferred' (*County of Los Angeles* v. *State of California*, 64 Cal.App. 290, 297 [222 P. 153]; *Gridley Camp No. 104* v. *Board of Supervisors*, 98 Cal.App. 585 [277 P. 500]). But where considerations such as this do not clearly obtain the normal permissive meaning of 'may' will prevail. (*Roberts* v. *Duffy*, 167 Cal. 629, 638 [140 P. 260]; *Ostrander* v. *City of Richmond*, 155 Cal. 468 [101 P. 452]; *Kemble* v. *McPhaill*, 128 Cal. 444 [60 P. 1092]; *Santa Cruz R. P. Co.* v. *Heaton*, 105 Cal. 162, 165 [38 P. 693].)'' The foregoing quotation establishes that, while the word ''may'' is ordinarily used in its normal, permissive sense, there are many situations in which courts have found compelling reasons to interpret ''may'' as ''shall'' or ''must.'' (See also *In re Covina Argus-Citizen*, 177 Cal.App.2d 315 [1 Cal.Rptr. 184]; *Hollman* v. *Warren*, 32 Cal.2d 351, 356 [196 P.2d 562]; *California Trust Co.* v. *Bennett*, 33 Cal.2d 694 [204 P.2d 324]; *People* ex rel. *City of Bellflower* v. *Bellflower County Water Dist.*, 247 Cal.App.2d 344, 352 [55 Cal.Rptr. 584].)

▇ The most important consideration in the interpretation of a statute is the intention of the Legislature in enacting the law. (Code Civ. Proc. § 1859.) Often, in retrospect, the trail of a statute as it winds its way through the Legislature is cold and dim, and the legislative intent difficult to ascertain. ▇ The meager legislative record available to us here shows that Elections Code section 2505 originated as Senate Bill 877 by Senator Cologne at the 1965 session of the Legislature. The report of the Senate Local Government Committee which considered the bill reads as follows: ''SB 877 provides that if a special district board of directors fails to

call a regular election, any voter within the district may notify the county board of supervisors of the situation. The board of supervisors would then be *required* to call a special election for district officers, and to conduct it in the same manner as a regular district election. All costs of the special election would be paid by the district.'' (Italics ours.) After passage of Senate Bill 877, and while it was awaiting the Governor's approval, the author of the bill wrote to the Governor, stating: ''The bill is *permissive* in nature and *permits* the board of supervisors to call an election in special districts where the board of directors of that district fails to call or hold its regular election.'' (Italics ours.) There is obviously some inconsistency between the report of the Local Government Committee and the author's comments concerning the bill's effect, and we find no clearly expressed legislative intent as to the mandatory or permissive character of the statute. We think, however, that the word ''may'' in this instance, was intended to and does mean ''must'' or ''shall.''

As we have seen, Health and Safety Code section 32100.3 imposes a mandatory duty upon the local hospital board to set in motion the procedure to bring about an election to fill vacancies on the board. The Legislature has not extended any discretion to local hospital boards in this regard, but on the contrary has imposed upon such boards a mandatory duty to follow the democratic process of free elections. ■ In enacting Elections Code section 2505 the Legislature had before it evidence that special districts throughout the state had generally disregarded the statutory duty to call elections to fill vacancies upon their boards, and had filled such vacancies generally by appointment. Legislative records quoted to us in appellants' opening brief suggest that some special districts had never held an election to fill board vacancies, while in other instances as much as 25 years separated elections for board members. Elections Code section 2505 was designed to remedy this situation, and to give voters within such special districts an opportunity to choose the individuals who are to administer the affairs of the district and spend locally raised tax money. ■ We think it unlikely that the Legislature, faced with state-wide disregard of its own mandate, would seek to remedy the situation by extending discretion to boards of supervisors as to whether boards of special districts should bow to the legislative will. On the contrary, it is reasonable to suppose that the Legislature intended its mandate to be obeyed and merely selected local boards of supervisors as the

instrument through which that result could be accomplished. It must be remembered that, before enactment of Elections Code section 2505 county boards of supervisors had no power to direct the calling of elections in special districts such as the Redbud Hospital District. That power was extended to the supervisors by section 2505, and we think the Legislature intended it to be exercised upon demand of a voter or voters in the special district concerned, rather than to be exercised only at the discretion of the board of supervisors.

Finally, the conclusion that the word "may" in Elections Code section 2505 should here be construed as "must" falls squarely within that line of cases holding such an interpretation to be proper where, to deny it, would result in a failure of justice to persons otherwise without remedy (*Supervisors* v. *United States,* 71 U.S. (4 Wall.) 435, 447 [18 L.Ed. 419, 423]; *Hayes* v. *County of Los Angeles,* 99 Cal. 74, 79-80 [33 P. 766]); or where the rights of the public depend upon the exercise of the power conferred. (*County of Los Angeles* v. *State of California,* 64 Cal.App. 290, 297 [222 P. 153]; *Gridley Camp No. 104* v. *Board of Supervisors,* 98 Cal.App. 585 [277 P. 500].) Here, by the simple process of failing to call an election, the governing board of the hospital district has defeated the right of local citizens to elect the members of the hospital board. Voters in the hospital district are wholly without remedy unless the Lake County Board of Supervisors exercises the power conferred upon it by Elections Code section 2505 and calls an election. We think the Legislature intended to extend an effective remedy to the citizens of special districts who have been denied the fundamental right of suffrage. We hold that the language of Elections Code section 2505 is mandatory, and upon facts here present, requires the Lake County Board of Supervisors to call an election to fill vacancies in the governing board of the Redbud Hospital District.

The judgment granting the writ is affirmed.

Draper, P. J., and Brown, (H. C.), J., concurred.