Howry, J.,
delivered the opinion of the court:
This case presents the question of the right of a temporary employee of the Government Printing Office, serving for fractional parts of a series of years, to pro rata pay for unused leaves of absence accumulated during the different *9 periods of his employment. The issue involves a construction of the public printing act of June 11, 1896 (ch. 320, par. 10, 2 Supp. Rev. Stat., 526), and derives its chief importance from the circumstance that the cause is one of a class of cases affecting many hundreds of employees of the printing office in their relation to the Public Printer.
Plaintiff served between December 31, 1895, and April 27,, 1900, for five separate periods of time, the shortest of which was twenty-nine days and the longest seven months and six days. He was paid at the rate per day fixed by law. He was not granted any leave of absence nor pay for any unused leave whereby he was prevented from increasing his compensation for the length of time he might have been absent. He now sues for pay at the rate he was paid during the entire period of his service, or for a total of one year eight months and twelve days of work, at thirty days each year, amounting in all to fifty-one days.
In Harrison's case (26 C. Cls. R., 259) it was held that the intent of the legislation authorizing leaves of absence and regulating pay was only to grant leaves of absence, but not to grant double paj^for such leaves as the employees might take under the law but did hot receive. That decision was founded on statutes which authorized the Congressional (now the Public) Printer to employ at such rates of wages as he might deem for the interest of the Government and just to the persons employed, such proof readers, compositors, pressmen, laborers, and others as might be necessary (sec. 3763, Revised Statutes), which authorized leaves of absence, with pay, not exceeding fifteen days in any one fiscal year, to employees by the piece or otherwise after the service of one year, under regulations and at such time as the Public Printer might designate (act of June 30, 1886, ch. 572, 1 Supp. Rev. Stat., 499), and which made it lawful to allow pro rata leave to those serving fractional parts of a year, the annual leave being in the meantime extended to thirty days in each fiscal year (act of August 1, 1888, ch. 722, 1 Supp. Rev. Stat., 600).
While the decision in Harrison v. The United States is accepted by the learned counsel for plaintiff as a correct exposition of the law at the time it was rendered, nevertheless it is *10 contended that subsequent legislation has made the views there announced inapplicable to a claim for unused vacation pay. The subsequent legislation vital to be considered is as follows:
‘ ‘ The employees of the Government Printing- Office, whether employed by' the piece or otherwise, shall be allowed leaves of absence with pay to the extent of not exceeding thirty days in any one fiscal year under such regulations and at such times as the Public Printer may- designate at the rate of pay received by them during the time in which said leave was earned; but such leaves of absence shall not be allowed to accumulate from year to year. Such employees as are engaged on piecework shall receive the same rate of pay for the said thirty day's’ leave as will be paid to day' hands: Provided, That those regularly employed on the Congressional Record shall receive leave, with pay', at the close of each session, pro rata for the time of such employment: And provided further, That it shall be lawful to allow pay' for pro rata leave to those serving fractional parts of a year; also to pay' for pra rata leave of absence to employees of the Government Printing Office in any? fiscal year notwithstanding the fact that thirty day's’ leave of absence, with pay, may have been granted to such employees in that fiscal yrear on account of service rendered in a previous fiscal y-ear. And the Public Printer is hereby authorized to pay to the legal representatives of any employees who have died during the fiscal years of eighteen hundred and ninety-four, eighteen hundred and ninety-five, eighteen hundred and ninety-six, or may' hereafter die, who have or hereafter may have any' accrued leave of absence due them as such employ-ees, and said claims to be paid out of any' unexpended balances of appropriations for the payment of leaves of absence to the employees of the Government Printing Office, for the fiscal years eighteen hundred and ninety-four, eighteen hundred and ninety-five, eighteen hundred and ninety-six, and out of an_y future appropriations for leaves of absence.” (2 Supp. Rev. Stat., 526, par. 10.)
This act of June 11,1896, allows leaves of absence with pay' to an extent not exceeding thirty day's in any' one fiscal year to the employees of the Printing Office, which includes those serving fractional parts of a yrear as well as day' hands and others, but, like preceding statutes, under such regulations and at such times as the Public Printer may' designate. Congress was again careful to limit the period of absence in any event, and at the same time to remit to the discretion of the Public Printer the duty of saying when an employee might *11 take bis vacation in the fiscal year. The right of the Public Printer to make rules and regulations in the premises was continued by the new statute in the same language as that employed in the old, so that the act under which this suit was brought was enacted with knowledge by Congress that under the rules and regulations which had been prescribed for the administration of the Printing Office the Public Printer might control the time of leaves and refuse the same in an exigency.
The second proviso in the act of 1896 plainly confers the right upon those serving fractional parts of a year to leave of absence with pay. Thus if an employee serves six months he is ordinarily entitled to fifteen days’ leave of absence with pay, just as an employee serving a year continuously is entitled to thirty days’ leave with pay. The language in this second proviso is new in that it provides for p>ay for pro rata leave to thane serving fractional parts of a year. The provision was not in any of those acts under which Ilarrrisonis case was decided. Nor does the same phraseology appear in the act of June 19, 1891 (2 Supp. Rev. Stat., 198), which was reenacted in the act of March 2, 1895 (chap. 187, par. 3, 2 Supp. Rev. Stat., 127).
The public printing acts summarized in section 23, 2 Supp. Rev. Stat., 344, contain a proviso that it shall be lawful to allowyw rata leave to those serving fractional parts of a year. There is an omission to state that it shall be lawful to allow pay for pro rata, leave to those serving fractional parts of a year, and it is open to question under that kind of a proviso whether an unused leave could be paid for by an equivalent in money.
In saying “that it shall be lawful to allow pay for pro rata leave” the new statute imposed the general obligation on the Public Printer to allow the pro 'rata leave of absence with pay in kind on those serving fractional parts of a year. Though this statute is onty permissive in terms, the authority must be construed to be a duty in general. The words “it shall be lawful” are mandatory. (Mason v. Fearson, 9 How., 248; Supervisors v. United States, 4 Wall., 435; Mayor of New York v. Furze, 3 Hill, 614; Bell v. Caldwell, 107 Pa. St., 48; Stines v. Franklin Co., 48 Mo., 167; Blake v. R. R., 39 N. H., 435; Arnold v. Pawtucket, 41 Atlantic Reporter, 576; *12 Leavenworth v. Platte Co., 42 Mo., 174; State v. Newark, 4 Dutcher, 491; Hugg v. Camden, 39 N. J. Law, 620; Sifford v. Morrison, 53 Md., 14.)
But do these words entitle a temporary employee to recover in this court the sums covering such accrued but unused leaves ?
If we shall hold that the Public Printer could at will refuse the leave of absence in kind as well as the pay for the allowed but unused leaves, then employees serving fractional parts of a year would at the will of the Public Printer be deprived of both the leave and the pay. But this was not intended. It was the purpose, if language means anything, for fractional time workers to have the giro rata leave with the pay for the time of such leave as the employee might be entitled to have. W e must presume the Congress meant what it said. That is, it was meant that a per cent should be added to the rate of pay in diminishing the work, but continuing the pay as if the work was not curtailed.
It is true this legislation is not in line with the original purpose for which leaves of absence were granted. That purpose was well shown to be in Harrison's ease to restrict work, but not to increase compensation. Anomalous and inexpedient as it may seem to be to abandon the policy of the law pertaining to leaves, the underlying reason of which has always been to afford rest and recreation to steady workers, we think it has been done by the innovation that directs the leave in kind to those serving fractional parts of a year with gyro rata pay for the limited term of service.
, Where, then, a leave has not been granted in the case of a temporary employee detained because of the exigencies of the public printing service or discharged without fault on his part because his services are not needed, the payment of a money equivalent for the unused gyro rata leave is conferred by the statute. If the temporary employee is entitled to leave with pay for that fro rata period of recreation, it follows that he should have pay for the leave denied to him.
A rule that those serving fractional parts of a year may withdraw at pleasure and yet claim an equivalent in pay might defeat the purpose of the law, or, at least in times of emergency, embarrass the operations of an office peculiarly *13 dependent for its efficiency upon proper rules and regulations which the law authorizes its head to prescribe. Leave of absence ordinarily implies a return to official duty, and a discharge for cause or withdrawal at the pleasure of the employee may not impose the same consequences as in those cases where the employee is without fault. But whether a temporary employee can at his own pleasure sever his connection with the Public Printing Office and then claim a pro rata leave with pay, and whether such an employee practically severs that connection by misconduct so that his discharge therefor results from his own acts at a time when his service is needed and yet claim the pro rata leave with pay, are questions not in this case, and are therefore not decided.
If the question of whether plaintiff was discharged because of his fault is material to the decision of the issue involved, the burden of that proof rests upon the defendants, and plaintiff is not bound to show that he was discharged through no fault of his own. Judgment will therefore be entered for plaintiff in the sum of $170.20.