

DAN MORALES
ATTORNEY GENERAL

# Office of the Attorney General
## State of Texas

August 6, 1991

Honorable Edmund Kuempel
Committee on House Administration
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. DM- 31

Re: Whether a city may grant a home-
stead exemption that would compro-
mise its outstanding bond obligations
(RQ-75)

Dear Mr. Kuempel:

We have been informed that in September 1990 the city of Camp Wood
pledged all of its ad valorem tax revenues to the repayment of certain bonds. In
January of 1991, the citizens of Camp Wood approved through a referendum
election a proposition that the city grant a $50,000 homestead exemption from ad
valorem taxes to resident taxpayers 65 years old or older or disabled. Our
understanding is that an exemption of only $3,000 had been in place from the time
the revenues were pledged until the adoption of the present exemption. There is
grave concern that the application of the new exemption will impair the city's debt
obligations. You have requested an opinion from this office as to whether a city
may grant a homestead exemption that would impair the city's ability to pay debt
service on its outstanding bonds. We have determined that such an exemption may
not be applied under these circumstances.

Section 11.13(d) of the Tax Code provides the following:

> In addition to [other exemptions] an individual
> who is disabled or 65 or older is entitled to an
> exemption from taxation by a taxing unit of a portion
> (the amount of which is fixed as provided by Subsection
> (e) of this section) of the appraised value of his
> residence homestead if the exemption is adopted either:
>
> (1) by the governing body of the taxing unit; or

> (2)  by a favorable vote of a majority of the qualified voters of the taxing unit at an election called by the governing body of the taxing unit. . . .

Subsection (e) provides that the amount of the exemption be $3,000 unless a larger amount is specified in the subsection (d) process of adopting the exemption. It is our understanding that the exemption at issue here was adopted in accordance with these statutory provisions. Section 11.13(i) addresses the propriety of granting an exemption that would cause an impairment of outstanding contract obligations:

> The assessor and collector for a taxing unit may disregard the exemptions authorized by Subsection (b), (c), (d), or (n) of this section and assess and collect a tax pledged for payment of debt without deducting the amount of the exemption if:

> (1)  prior to adoption of the exemption, the unit pledged the taxes for payment of a debt; and

> (2)  granting the exemption would impair the obligation of the contract creating the debt.[1]

In the case of Camp Wood, the city pledged its ad valorem tax revenues to the repayment bonds in September 1990. As noted above, the exemption election took place the following January. Therefore, the facts of this case are within subsection (i)(1) of section 11.13.[2]

---

[1]Section 11.13(d) of the Tax Code permits the adoption of the exemption at issue by a referendum election carried out in accordance with that section's requirements. There seems to be no question about the validity of the referendum vote in this case.

[2]See also Tex. Const. art. 8, § 1-b(b) ("Where any ad valorem tax has theretofore been pledged for the payment of any debt, the taxing officers of the political subdivision shall have authority to continue to levy and collect the tax against the homestead property at the same rate as the tax so pledged until the debt is discharged, if the cessation of the levy would impair the obligation of the contract by which the debt was created."). Section 11.13(i) is a statutory restatement of the constitutional provision. 21 Howell, Property Taxes § 208 (Texas Practice 1988, 3d ed.). Accordingly, any inconsistency between the language of the constitutional and statutory provisions should be resolved in favor of the former. Id. We therefore construe the term "tax assessor and collector" in the statute broadly to encompass the "taxing officers" specified in the constitution. In some instances, as

Both the U.S. Constitution and the Texas Constitution prohibit legislation impairing the obligation of contracts. U.S. Const. art. I, § 10 cl. 1; Tex. Const. art. I, § 16. This fact is critical to our determination of whether the city may grant the exemption at issue. It is well established that the constitutional prohibition applies to contracts made by states or municipalities, and that it applies to municipal by-laws and ordinances. *Determan v. City of Irving*, 609 S.W.2d 565, 569 (Tex. Civ. App.--Dallas 1980, no writ), *citing Von Hoffman v. City of Quincy*, 71 U.S. 535 (1866), *and Atlantic Coast Line R.R. v. City of Goldsboro*, 232 U.S. 548, 555 (1914). The court in *Determan* found that an amendment to a city charter limiting the amount of yearly increases in ad valorem taxes was void as an impairment of the obligation of the contract between the city and holders of outstanding bonds to which the ad valorem taxes had been pledged. The court stressed that "the protection of the contract clause was activated by unquantified financial loss or the *potential* for financial loss resulting from a legislative act." 609 S.W.2d at 570, *citing United States Trust Co. v. New Jersey*, 431 U.S. 1 (1977), *and City of Aransas Pass v. Keeling*, 247 S.W. 818, 821 (1923) (emphasis added); *see also* Attorney General Opinion JM-453 (1986). Thus, if application of the homestead exemption in this case would impair the obligation of the pre-existing contract with the city's bondholders, the exemption would be unconstitutional.

Section 11.13(i) of the Tax Code is designed to deal with the circumstances that Camp Wood may be facing. Section 11.13(i) states that the assessor-collector of the taxing unit may disregard an exemption adopted pursuant to section 11.13(d)(2). Where granting an exemption would result in impairment of contractual obligations, the only constitutionally permissible course available to the tax assessor-collector is to deny the exemption.[3]

The homestead exemption at issue cannot validly be granted if doing so would impair the city's ability to fulfill its pre-existing contractual obligations to bondholders. As this office cannot make factual determinations, we stress that this opinion does not constitute a finding that granting the exemption at issue would

---

when the tax assessor-collector is an employee of one of these entities, the taxing officer may be a mayor, city manager, or the city council.

[3] The word "may" in a statute is sometimes construed as mandatory when used to describe the duty of a public official to carry out functions that benefit private individuals. 1A Sutherland STATUTORY CONSTRUCTION § 25.04 (4th ed. 1985); *see also Supervisors v. United States*, 4 Wall. 435, 438 (U.S. 1866).

impair the contract obligations here; rather, it instructs that a taxing unit's ability to grant a duly adopted exemption is subject to constitutional limits.

## SUMMARY

Under the Texas and the U.S. Constitutions, a city may not apply a homestead exemption approved by referendum in accordance with Texas Tax Code section 11.13(d) and (e) if doing so will impair the obligation of a contract creating a debt incurred by the taxing unit prior to adoption of the exemption. Texas Tax Code section 11.13(i) authorizes the taxing officers of the unit to disregard the duly adopted exemption when such circumstances exist.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret.)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Faith Steinberg
Assistant Attorney General