[L. A. No. 1460.  Department Two.—December 11, 1905.]

## W. J. HAUGHAWOUT, Respondent, v. WILLIAM RAYMOND et al., Appellants.

STREET ASSESSMENT—RESOLUTION OF INTENTION—REFERENCE TO SPECIFICATIONS.—A resolution of intention to construct a public sewer may be aided by reference to the plans and specifications, notwithstanding they are not physically annexed to it.

ID.—ADOPTION OF SPECIFICATIONS.—The specifications for a public sewer need not be created by ordinance, but may be created by resolution.

ID.—OMISSION OF BENEFITED PROPERTY.—The whole assessment for a public sewer is not invalidated by reason of the omission from the assessment of benefited property, nor because the assessment district embraced only lots fronting on the sewers.

ID.—ESTIMATE BY ENGINEER.—Unless required by the city council, the engineer need not furnish an estimate of the contemplated improvement.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Lucien Shaw, Judge.

The facts are stated in the opinion of the court.

S. O. Houghton, Leslie R. Hewitt, and Lee, Scott, Bailey & Chase, for Appellants.

Goodrich & McCutchen, and H. J. Stevens, for Respondent.

HENSHAW, J.—This is an action to foreclose an assessment for the construction of a public sewer in the city of Los Angeles. Plaintiff recovered judgment, and defendants appeal upon the usual technical grounds

Some of the questions have already been disposed of by this court in *Haughawout* v. *Hubbard,* 131 Cal. 675, [63 Pac. 1078]. Upon this appeal the principal attack is made upon the sufficiency of the resolution of intention, which it is declared does not adequately describe the work. Our statute prescribes merely that it shall "describe" the work. . We need not be at pains to follow the elaborate objections which appellants urge. The resolution of intention by specific reference makes the plans, profiles, and specifications a part of itself, and these, taken with the resolution of intention, are certainly sufficient to carry all knowledge and notice to the property-owner which a fair construction of the street law requires. That the resolution of intention may be aided by reference to the plans and specifications is well settled. (*Williams* v. *Bergin,* 116 Cal. 57, [47 Pac. 877]; *Cohen* v. *Alameda,* 124 Cal. 507, [57 Pac. 377]; *Grant* v. *Barber,* 135 Cal. 188, [67 Pac. 127].) As a typical illustration of the refinement of the technical objections which are invoked against these proceedings, it may be pointed out that it is contended that the plans, profiles, and specifications cannot be used to aid the resolution of intention, because they were not physically "annexed" to it. Reliance is here placed upon *Grant* v. *Barber,* 135 Cal. 188, [67 Pac. 127], where the word "annexed" was employed. A casual inspection of the opinion in *Grant* v. *Barber* will disclose that the annexation there meant was an annexation by reference, which was the only annexation in that case, as well as in the case at bar.

Notwithstanding that the proceedings for street work and sewer work, like proceedings in taxation, are *in invitum,* and that therefore a fairly strict and accurate compliance with all the statutory requirements is necessary, this is the limit to which any court should be expected to go in disposing of the questions which are involved. The contractor who has honestly and substantially complied with his contract, of which the property-owners have received and will continue to receive the benefit, is quite as much entitled to the protection of the law as are the property-owners themselves, and, upon the other hand, an endeavor—even a successful endeavor—upon the part of the property-owners to defeat the just claims of such a contractor by a resort to the extreme technicalities of the law can, upon the

whole, operate only to the disadvantage of the property-owners themselves, since it necessarily tends to increase the price at which any and all future contractors will be willing to engage in work, payment for which, after having been duly performed, is met by harassment and vexatious delay, with the prospect at the end of utter failure of recovery.

The objection that the specifications should have been created by ordinance and not by resolution is answered by *Santa Cruz Rock Paving Co.* v. *Heaton,* 105 Cal. 162, [38 Pac. 693]. The contention that benefited property was omitted from the assessment, and the whole assessment is therefore invalidated, is disposed of by the case of *Duncan* v. *Ramish,* 142 Cal. 686, [76 Pac. 661]. So, also, and upon the same authority, is the further objection that the so-called assessment district embraced only lots fronting on the sewers, upon which proposition citation may also be made to *Savings and Loan Society* v. *Ramish,* 138 Cal. 120, [69 Pac. 89, 70 Pac. 1067]. Nor does the fact that the engineer did not furnish an estimate invalidate the assessment; the statute requiring merely that the engineer shall furnish an estimate to the city council, if required by it, and the record disclosing that the estimate was never required.

No other of the objections presented by appellants seems to merit special notice, and for the foregoing reasons the judgment and order appealed from are affirmed.

McFarland, J., and Lorigan, J., concurred.