(March 10, 1911.)

# GEORGE W. WILLIAMS, Appellant, v. CITY OF CALD-WELL, Respondent.

### [114 Pac. 519.]

SEWERAGE DISTRICT BONDS—ORDINANCE OF INTENTION—DESCRIPTION OF WORKS—PLANS AND SPECIFICATIONS—ASSESSMENT OF STREETS—AFFIDAVIT OF PUBLICATION—SEWER COMMITTEE—AMOUNT OF BOND ISSUE.

(Syllabus by the court.)

1. Where a city ordinance declaring the intention of the council to organize a sewer district and construct a sewer system states that "the character of the proposed lateral system shall be that of gravity and according to the plans and specifications now on file in the office of the city engineer," it is a sufficient compliance with the terms of subd. 3 of sec. 2353 of the Rev. Codes, which requires that the ordinance of intention shall state the "general character of the proposed sewerage system and sewerage disposal works." In such case, the reference to the plans and specifications is sufficient to give notice to all parties interested of the general character of the proposed works.

2. A city ordinance declaring the intention of the council to organize a sewer district and to construct a sewerage system and issue bonds therefor, which states "that said sewerage district shall not include for assessment property occupied by the cross-streets and alleys in said district," is defective for a failure to comply with subd. 3 of sec. 2353, requiring such ordinances to state that the sewer district "shall not include for assessment property occupied by streets, cross-streets and alleys in said district," but such error or defect is not jurisdictional and will not oust the council of jurisdiction to proceed further in accordance with the provisions of such ordinance. In such case, the property owners and persons interested have notice by the statute itself that "streets, cross-streets and alleys" in such districts cannot be assessed.

3. Where an ordinance declaring the intention of the city council to organize a sewer district and construct a sewerage system is published in conformity with the requirements of subd. 3 of sec. 2353, and the publisher fails to file his affidavit of publication on or before the time fixed for the hearing of protests, such error or omission does not go to the jurisdiction of the council to hear protests or to further act, and does not oust or defeat the jurisdiction of

the council to proceed further in accordance with the provisions. of the statute.

4. Where an affidavit of publication is required to be made and filed as proof that the publication has actually been made, the actual existence of the fact required to be shown by the affidavit is the thing which confers the jurisdiction, and the affidavit is merely the proof that the jurisdictional facts do exist, and a failure to make the proof will not obviate the facts, and such proof may be subsequently made showing that the jurisdictional facts did exist at the time the action was taken.

5. A sewer committee appointed under the authority of sec. 2343 of the Rev. Codes should not comprise any of the members of the city council; but the fact that members of the council have been appointed and have acted will not annul or defeat the action which has been taken by such committee, and will not defeat the right and power of the council to issue bonds in payment for a sewerage system that has been constructed by and under the direction of such committee. Even though the members of the committee did not possess the requisite statutory qualifications to act on such committee, they would at least constitute a *de facto* committee and their acts could not be collaterally attacked.

6. Subd. 7 of sec. 2353, Rev. Codes, does not prescribe any particular form for an order which must be made by a city council. Any action of the council which discloses their purpose to approve any given act or adopt and pursue a given course is sufficient without reference to form.

7. Under the provisions of subd. 11 of sec. 2353, Rev. Codes, a city council cannot issue bonds for the construction of a sewerage system in excess of the "contract price and expense of such work or improvement."

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Fremont Wood, Judge.

Action by plaintiff to enjoin the issuance of bonds. Judgment for the defendant and the plaintiff appealed. *Affirmed.*

Perky & MacLane, for Appellant.

The power to make improvements such as this and to assess the cost thereof against abutting property is a special and limited one, and "can only be exercised in the mode pointed out by the act which grants it." (*Hawthorne v. City of Portland,* 13 Or. 271, 10 Pac. 342.)

The statute requires the ordinance of intention to describe the general character of the sewer system to be constructed. The ordinance in this case simply states that the "character of the proposed lateral sewer system shall be that of gravity and according to the plans and specifications now in the office of the city engineer." Such a requirement is common in statutes of this kind, and it is generally held that failure to follow it will invalidate the proceedings. (28 Cyc. 978, 1004; *Schwiesau v. Mahon,* 128 Cal. 114, 60 Pac. 683; *Williamson v. Joyce,* 137 Cal. 107, 69 Pac. 854.)

While the resolution or ordinance may incorporate plans and specifications by reference (see *Haughawaut v. Raymond,* 148 Cal. 311, 83 Pac. 53), yet the ordinance in this case does not do this, but simply says that the sewer is to be according to plans and specifications elsewhere on file. This is not sufficient, as such plans are no part of the records of the body having jurisdiction. (*Chicago Union T. Co. v. Chicago,* 209 Ill. 444, 70 N. E. 659.)

The statute requires the ordinance of intention to be published in the official newspaper, and that "an affidavit of such publication shall be filed with the clerk on or before the time fixed for hearing of protest." This requirement is definite, mandatory and material, and was utterly ignored in this case.

"In these proceedings all of the provisions of the statute must be strictly followed or jurisdiction fails." (*City of Owosso v. Richfield,* 80 Mich. 328, 45 N. W. 129; *State v. St. Louis,* 1 Mo. App. 503.)

What we really have here is an assessment made by the sewer and street committees, approved in a most perfunctory manner by the council, but not made a part of the council records in any manner. There was no finding by the council on the jurisdictional fact, viz.: The notice and publication. The jurisdictional facts should be found and declared to appear. They should be made of record, and not left to presumption. (*Johnson v. Eureka Co.,* 12 Nev. 28; *Gorman v. County Commrs.,* 1 Ida. 553; *White v. Stevens,* 67 Mich. 33, 34 N. W. 255; *Smith v. Omaha,* 49 Neb. 883, 69 N. W. 402.)

Rice, Thompson & Buckner and Smith & Scatterday, *Amici Curiae.*

From the records of the council, we find that there were no plans and specifications on file anywhere at the time the protests were heard on June 13, 1910. From the record as it appears before us, it is fair to presume that there were no plans and specifications in existence at the time the resolution was passed nor at the time set for hearing protests. "The proceedings being *in invitum*, we are not permitted to hold to be certain that which is uncertain." (*Bay Rock Co. v. Bell*, 133 Cal. 150, 65 Pac. 299; *Labs v. Cooper*, 107 Cal. 656, 40 Pac. 1042.)

The filing of this affidavit on or before the time fixed for the hearing of protests is jurisdictional, and the failure to so file it renders the assessment void. (*Wilson v. City of Seattle*, 2 Wash. 543, 27 Pac. 474; *McChesney v. People*, 145 Ill. 614, 34 N. E. 431; *Kearney v. City of Chicago*, 163 Ill. 293, 45 N. E. 224; *Estate of Cobb*, 49 Cal. 599, 604.)

Every requisite having the semblance of benefit to the owner must be complied with, and where the form of a statutory proceeding is prescribed, its observance becomes essential to the validity of the proceedings. (*Shipman v. Forbes*, 97 Cal. 572, 32 Pac. 599; *Smith v. Davis*, 30 Cal. 537; *Taylor v. Donner*, 31 Cal. 481; *Hewes v. Reis*, 40 Cal. 255; *Grimm v. O'Connell*, 54 Cal. 522; *Chase v. City Treas. of Los Angeles*, 122 Cal. 546, 55 Pac. 414; *City of Stockton v. Whitmore*, 50 Cal. 554; *Fay v. Reed*, 128 Cal. 357, 60 Pac. 927.)

W. A. Stone and John J. Plowhead, for Respondent.

"A description is sufficient if the character of the improvement can be ascertained either from the ordinance itself or by reference to some other ordinance or map." (Abbott, Mun. Corp., pp. 874, 875 (note); *Brewster v. City of Peru*, 180 Ill. 124, 54 N. E. 233; *Cunningham v. City of Peoria*, 157 Ill. 499, 41 N. E. 1014; Page & Jones Tax. by Assess., sec. 490, 821; *Richardson v. Mehler*, 111 Ky. 408, 63 S. W. 957;

*Harney v. Heller,* 47 Cal. 15; *Emery v. San Francisco Gas Co.,* 28 Cal. 376.)

"A reference to plans as those on file in the office of the city engineer is sufficient." (*Chase v. Trout,* 146 Cal. 350, 80 Pac. 81; *Woollacott v. Meekin,* 151 Cal. 701, 91 Pac. 612; *Clinton v. City of Portland,* 26 Or. 410, 38 Pac. 407.)

"If the resolution specifically refers to certain plans on file, they become a part of the resolution for the purpose of showing the nature of the improvement." (*City of Greensburg v. Zoller,* 28 Ind. App. 126, 60 N. E. 1007.)

The filing of the affidavit of the publisher "on or before" the time for hearing protests is not jurisdictional. (*Canyon County v. Toole,* 8 Ida. 501, 69 Pac. 320; *Gilbert v. Canyon County,* 14 Ida. 437, 94 Pac. 1029.)

When powers are conferred by charter or statute and these things have been done by which jurisdiction of the subject is acquired, all presumptions are in favor of the regularity of subsequent proceedings in promoting the purposes for which jurisdiction has been conferred. (Abbott, Mun. Corp., 709, 854; *Adams v. City of Shelbyville,* 154 Ind. 467, 57 N. E. 114, 49 L. R. A. 797.)

The sewer committee was appointed by the mayor, and the objection raised is that the committee was composed of members of the city council. This committee proceeded to exercise the functions prescribed by statute, and, being officers *de facto,* the validity of their acts cannot now be questioned in a collateral proceeding. (Abbott, Mun. Corp., sec. 659; Mechem Pub. Off., sec. 328.)

AILSHIE, Presiding J.—This action was instituted by the plaintiff on his own behalf and on behalf of sundry other persons sought to be assessed in "Local Lateral Sewer Improvement District No. 3 of the City of Caldwell." The city council passed an ordinance, No. 167, setting forth their intention to organize a sewer district and to issue bonds for the construction of a sewer system. This was followed by an ordinance, No. 174, of the city of Caldwell establishing and bounding the district and providing for the construction of the

sewerage system.  In pursuance of the ordinance of intention and the further ordinance establishing the district and providing for the construction of the system, the council caused a sewerage system to be constructed.  This action was commenced to enjoin the issuance of bonds in payment for the work.  The district court held in favor of the city, and the plaintiff appealed.

Several questions have been argued on this appeal, but we will only consider those which most deserve our attention. We may say, in the outset, that after a careful examination of the briefs and record, we are satisfied with the judgment of the lower court and feel that the same ought to be affirmed.

Sec. 3 of Ordinance No. 167, known as the Ordinance of Intention, provides as follows: "That the character of the proposed lateral sewer system shall be that of gravity, and according to the plans and specifications now on file in the office of the city engineer of the city of Caldwell."    Subd. 3 of sec. 2353 of the Rev. Codes provides that the ordinance declaring the intention of the council to construct such works shall, among other things, state "the general character of the said proposed sewerage system and the sewerage disposal works, or portion thereof, and the estimated cost of the same." It is insisted by counsel for appellant, as well as counsel who appear as *amici curiae,* that this is not a sufficient description of "the general character of the said proposed sewerage system" to satisfy the requirements of the statute, and in support of this contention counsel cite many authorities discussing the sufficiency of a description contained in similar ordinances from other states.  It would serve no useful purpose for us to review the cases here, as they all rest on separate and distinct statutes, and the decisions are, in a measure, influenced by the general statutes governing the incorporation of cities, towns and villages and dealing with the several powers and duties thereof.  The record here does not contain the plans and specifications referred to in the foregoing section of Ordinance No. 167.  It is quite clear that the description contained in sec. 3 of the ordinance would not be sufficient

except for the reference therein made to the "plans and specifications on file in the office of the city engineer." We must infer that the words "plans and specifications" as used in this ordinance mean what those words ordinarily import, and if we do that, it at once becomes clear that every person interested had notice of the place where he could see the plans of the proposed system and specifications for the construction of the same. The plans would show where the sewer was to be built, the streets and alleys along which the pipes would be laid, and the specifications would show the size of the pipes, the material of which they were to be made and the character of the system to be built; in other words, they would afford a complete description of the entire system and of all the material to be used. This was a sufficient description to put every person interested on notice of the "general character of the said proposed sewerage system." (See *Chase v. Trout*, 146 Cal. 350, 80 Pac. 81; *Haughawout v. Raymond*, 148 Cal. 311, 83 Pac. 53.)

It is further contended that the ordinance was insufficient to confer jurisdiction on the city council, for the reason that it failed to state that the sewerage district should not include, for assessment, property occupied by streets. The ordinance contained the following proviso: "Provided, however, that said sewerage district shall not include for assessment property occupied by the cross-streets and alleys in said district." The statute, subd. 3, sec. 2353, reads as follows: "Provided, however, that it shall be stated that such sewerage district shall not include for assessment, property occupied by streets, cross-streets and alleys in said district." It will be noted from comparison of the foregoing provision of the ordinance with the statute that the ordinance omitted to state that the streets within the district would not be assessed, although it did state that the alleys and cross-streets would not be assessed. It is clear that under the provisions of the statute the ordinance should have stated that no assessment would be made upon the streets, but, even though the ordinance failed to contain such a statement, the statute would intervene and prohibit and prevent any assess-

ment being laid upon the streets themselves. The property owners have notice of the terms of the statute, and they could not help but know that the statute does not authorize the assessment of streets in sewerage districts. Again, whether this be an error or omission it should have been taken advantage of in the method pointed out by statute, and after the expiration of the time allowed for objections and protests, it is too late to raise this question. In other words, we do not think such an error would be fatal to the jurisdiction.

It is next contended that the failure to file an affidavit of publication of the ordinance of intention prior to the time fixed for the hearing of protests was fatal to the jurisdiction. Subd. 3 of sec. 2353 provides that "it shall be the duty of the city clerk to cause such resolution or ordinance, after the same shall become a law, to be published in the official newspaper of the city or village in at least one issue before the time fixed in such resolution or ordinance for filing such protests, and an affidavit of such publication shall be filed with the clerk on or before the time fixed for the hearing of such protest." It is admitted that the publication was actually made as required by the statute, but the objection is made to the failure of the publisher to file the required affidavit prior to the time set for the hearing. It must be conceded that the affidavit should have been filed as required by the statute, but the mere filing of the affidavit is not the jurisdictional fact. The actual existence of the fact required to be shown by the affidavit is the thing which confers the jurisdiction. The affidavit is merely the proof that the jurisdictional facts exist, but the failure to make the proof does not do away with the facts which the proof would show. This was an error, and had it been called to the attention of the council would undoubtedly have been corrected before the hearing was had, but it is clear to us that the failure to make the affidavit did not oust the council of jurisdiction.

Complaint is also made against the action of the city council in appointing members of the council on the "sewer committee." Sec. 2343, Rev. Codes, provides that "The power and authority given by the preceding section hereof to construct and operate a sewer system and sewerage disposal works, and levy a special assessment therefor and issue and dispose of special improvement bonds therefor, shall be exercised as hereinafter provided by three substantial taxpayers and *bona fide* residents of such city, town or village, who shall be styled collectively the 'sewer committee,' and are hereinafter mentioned and referred to as the 'committee.' Such committee shall be appointed by the mayor of cities, or by the chairman of the board of trustees of towns and villages, and upon appointment shall hold office as follows," etc. Subd. 5 of sec. 2353 provides that, "Upon the passage of an ordinance as herein provided, the committee on streets, together with the sewer committee, or other proper authority of said city, town or village, shall make out an assessment-roll according to the provisions of said ordinance, and shall certify the same to the council or trustees of said city, town or village." It is contended that the action of the council in appointing members of the council on this committee was erroneous, and that the law does not contemplate members of the city council or board of trustees of a village being appointed on a sewer committee under the provisions of sec. 2343. While the statute does not in express terms prohibit the appointment of members of the city council on this committee, still it is apparent from the various provisions of the statute with reference to sewer and improvement districts and the construction of such works, that it was never intended by the law-making body that members of the city council or board of trustees should be appointed on such a committee. On the other hand, an examination of the statute prescribing the qualification of members of the council (secs. 2183, 2184) or board of trustees (sec. 2224, Rev. Codes) discloses the fact that a member of such council or board of trustees possesses the qualifications required for a member of the "sewer committee" under the provisions of sec. 2343.

We agree with counsel that a board of trustees or city council ought not to appoint its own members on such committee; but while that is true, we do not think doing so ousted the board of its jurisdiction or defeated its action in establishing the district and proceeding with the work. Even though the members of the committee did not possess the requisite statutory qualifications to act on such committee, they would still be a *de facto* committee, and their acts could not be collaterally attacked.

Appellant next contends that the order of the council as the same appears on the minutes of their proceedings is not sufficient to constitute an order under the provisions of subd. 7, sec. 2353, which requires the board to hear objections and protests to the regularity of the proceedings making the assessment, and to make an order confirming the same if they find it regular. The statute does not prescribe any particular form of order. Any order or action of the council which discloses their approval of the same would be sufficient.

Lastly, it is urged that the bond issue proposed is excessive. The contract price was $9,986, while the council authorized the issuance of bonds to the extent of $11,000. It is stipulated in the record that the council does not in fact propose to issue bonds in excess of the sum of $9,945. The statute, subd. 11 of sec. 2353, provides that "such bonds shall not be issued in excess of the contract price and expense of such work or improvement." At the time of passing an ordinance authorizing a bond issue for such public work, it would not always be possible for the council to estimate exactly the amount which it would be necessary to pay the contractors and other incidental expenses incurred in the prosecution of such work and superintending, inspecting and examining the same. The thing the statute intends, however, to prohibit is the issuance of bonds in excess of the total cost and expense of the construction of such system. Since it is specifically stipulated and agreed in this case that the council does not intend to exceed that sum, there is no

ground for complaint and no cause for interfering with their action.

The judgment of the lower court should be *affirmed,* and it is so ordered. Costs awarded in favor of respondent.

Sullivan, J., concurs.