[Civ. No. 1588. First Appellate District.—January 21, 1916.]

RICHMOND CONSTRUCTION COMPANY, Respondent, v. SAM GROWNEY, Appellant.

STREET LAW—RESOLUTION OF INTENTION—DESCRIPTION OF WORK—REFERENCE TO PLANS AND SPECIFICATIONS.—In the matter of street improvement proceedings the law does not require that the resolution of intention shall in terms describe in detail the work to be done thereunder, but provides that the resolution may give that description by reference to plans and specifications contemporaneously created and adopted.

ID.—FORECLOSURE OF LIEN—CONSTRUCTION OF COMPLAINT—DESCRIPTION OF WORK—RESOLUTION OF INTENTION—REFERENCE TO PLANS AND SPECIFICATIONS.—A complaint in an action for the foreclosure of a lien for grading a street, and for the construction of gutters on either side thereof and bridges at the cross-walks, which alleges the passage of a resolution of intention, wherein it was resolved "that gutters three feet wide, grouted, be constructed on both sides of the roadway . . . and that wooden bridges 4 ft. by 5 ft. be constructed over the gutters at each end of each cross-walk place, . . . " sufficiently describes, in the absence of a special demurrer for uncertainty and ambiguity, the work to be done upon such gutters and bridges, where it is also alleged in a subsequent paragraph of the complaint "that before passing the resolution for the construction of said work or improvement, plans and specifications and careful estimates of the costs and expenses thereof had been required by it to be furnished to said board by the city engineer of said city and special specifications therefor had been furnished by him."

APPEAL from a judgment of the Superior Court of Contra Costa County. R. H. Latimer, Judge.

The facts are stated in the opinion of the court.

L. G. Harrier, for Appellant.

Johnson & Shaw, for Respondent.

THE COURT.—This is an action to foreclose a street assessment lien, the complaint in the case alleging that the city trustees of the city of Richmond, by a resolution of intention, had determined to do certain street work upon a designated street, consisting of the grading of that street from curb to curb, and the construction of gutters on either side

of the street and bridges at the cross-walks. The defendant Growney demurred to the complaint only upon the ground of the insufficiency of the facts stated to constitute a cause of action. The demurrer was overruled. The defendant, failing to answer, judgment was rendered against him, and the appeal is upon the judgment-roll alone.

The point made in the lower court and made here in support of the demurrer is that the construction of the gutters and of the bridges was a material part of the whole work proposed to be done under the resolution of intention, and that the description therein of the work to be done upon the gutters and upon the bridges was inadequate and insufficient to give notice to the property owners affected by the resolution of intention, or to insure fair competition among bidders for the work. The complaint is assailed upon the ground that it does not allege that the resolution of intention designated the material of which the gutters were to be constructed, nor the kind of wood to be used in the construction of the bridges. In this behalf the complaint alleges the passage of a resolution of intention, wherein it was resolved "that gutters three feet wide, grouted, be constructed on both sides of the roadway . . . and that wooden bridges 4 ft. by 5 ft. be constructed over the gutters at each end of each cross-walk space. . . . " It is insisted on behalf of appellant that the word "grouted" does not convey any idea of the kind of material to be used in the construction of the gutters, and that the kind of wood to be used in the bridges should have been specified, that is to say, whether they were to be constructed of redwood, pine or oak. The resolution of intention to do the proposed work was an essential prerequisite to the jurisdiction of the governing body of the municipality to inaugurate such work, and consequently if it was deficient in its description of a material part of the work to be done thereunder, it would not suffice to support a cause of action for the foreclosure of the assessment lien. The law, however, does not require that the resolution of intention shall in terms describe in detail the work to be done thereunder, but provides that the resolution may give that description by reference to plans and specifications contemporaneously created and adopted. It is the contention of the appellant that the allegation of the complaint purporting to describe the proposed work upon the gutters and bridges is not aided by an allegation that the resolution of intention

referred to plans and specifications, but, to the contrary, it is claimed the complaint shows affirmatively and unequivocally that no plans and specifications of the proposed work, or any part thereof, were adopted until after the passage of the resolution of intention.

Mr. Harrier (Counsel for Appellant) : My understanding of the situation is that if the resolution of intention refers to plans and specifications which are already on file, that, according to very recent cases (*Chase* v. *Trout,* 146 Cal. 350, 367, [80 Pac. 81] ; *McQuiddy* v. *Worswick etc. Paving Co.,* 160 Cal. 9, 14, [116 Pac. 67]), is sufficient, and would make a perfectly good resolution of intention.

The Court: Well, that being so, it may be conceded that the gutters and bridges constituted a material part of the whole work to be done; and assuming for argument sake that the allegation of the complaint standing alone, which purported to describe the work to be done upon the gutters and bridges, was deficient in the particulars previously stated, still we are of the opinion that in the absence of a special demurrer for uncertainty and ambiguity, the complaint as a whole states a cause of action which will support the judgment. Paragraph 7 of the complaint, as set out on page 5 of the transcript, alleges ''that before passing the resolution for the construction of said work or improvement, plans and specifications and careful estimates of the costs and expenses thereof had been required by it to be furnished to said board by the city engineer of said city, and special specifications therefor had been furnished by him.'' That allegation, we think, must be construed to refer to the resolution of intention referred to in paragraph 4 of the complaint, and if that be true, then it follows that the complaint does allege that the resolution of intention did refer to plans and specifications; and said allegation may be further construed to mean that such plans and specifications were on file at the time of the passage of the resolution of intention.

Mr. Harrier: I do not think that construction possible, because the next paragraph mentions a resolution to do the work which was passed September 16, 1907. My idea is that there is a difference between a resolution of intention and a resolution for the construction of the work. The resolution of intention is not the resolution for the construction of the work. That is a different resolution.

·The Court: It is true paragraph 8 of the complaint alleges "that afterward, to wit, on the 16th day of September, 1907, . . . the said Board of Trustees passed a resolution . . . ordering and providing for said street work to be done. . . . " But the resolution referred to in paragraph 7 of the complaint is neither expressly nor by necessary implication related to the resolution referred to in paragraph 8. Moreover, the latter paragraph expressly alleges that the resolution referred to therein was passed after the resolution referred to in paragraph 7. Chronologically considered, the allegations of paragraph 7 must be read as relating solely to the matters alleged in the preceding paragraphs of the complaint, and the complaint not having theretofore referred to any resolution other than the resolution of intention, we are of the opinion that the allegations of paragraph 7 should be construed as having reference to the original resolution of intention.

Mr. Harrier: I see that it is possible for it to be construed that previous to the passage of the resolution of intention these plans and specifications may have been adopted.

The Court: The complaint may be ambiguous and uncertain in the particulars immediately under discussion, but, in the absence of a special demurrer, we feel constrained to construe the complaint as stating a cause of action sufficient to support the judgment.

The judgment appealed from is affirmed.