[Civ. No. 1998.   Second Appellate District.—December 1, 1916.]

LILLIAN BEALE, as Executrix, etc., of John F. Beale, Deceased, et al., Appellants, v. CITY OF SANTA BARBARA (a Municipal Corporation) et al., Respondents.

Street Improvements—Paving of Street—Description of Work—Resolution of Intention—Reference to Specifications.—A resolution of intention for the paving of a street which describes the work as the construction of "a pavement (consisting of a one and one-half inch asphalt wearing surface and a cement concrete base)," to be constructed in accordance with plans and specifications on file, to which reference is made for further particulars, and which plans and specifications are made part of the resolution, sufficiently describes the work under the amendment of 1913 to section 3 of the Street Act of 1885, without specifying the thickness of the concrete base, or the kind of sand, quality of cement, character of rock, and the proportions of the mixture.

Id.—Formation of Assessment District—Benefit by Improvement—Sufficiency of Resolution of Intention.—Where an assessment district is formed to pay for the cost of street work, the resolution of intention sufficiently declares that the property within the exterior boundaries will be specially benefited by the improvement, by the declaration that the contemplated work in the opinion of the council is of more than local or ordinary public benefit, that an assessment district shall be formed to pay for the cost and expense of such improvement, and that the boundaries of the district to be benefited by the improvement, and to be assessed to pay the costs and expenses thereof, shall be as therein described.

Id.—Benefit from Improvement—Determination of Council Conclusive.—Where an assessment district is formed to pay the cost of a street improvement, the determination of the council of the municipality that the property included in the district will be specially benefited by the improvement is conclusive, in the absence of fraud or mistake.

Id.—Notice of Proposed Improvement—Sufficiency of.—The publication and posting of the resolution of intention, together with the publication of notice of street work as required by section 3 of the act of 1885, constitutes sufficient notice of the proposed improvement, and the failure to post notices along the line of the improvement does not affect the validity of the proceedings.

Id.—Passage of Resolution of Intention—Ownership of Property by Member of Council—Lack of Disqualification.—A member of a city council is not disqualified from voting for the adoption

of a resolution of intention because of his ownership of property in the district which will be subject to assessment for the cost of the improvement.

APPEAL from a judgment of the Superior Court of Santa Barbara County.    S. E. Crow, Judge.

The facts are stated in the opinion of the court.

B. F. Thomas, for Appellants.

W. P. Butcher, James B. Rickard, and Arthur M. Ellis, for Respondents.

SHAW, J.—In this action plaintiffs sought to have certain proceedings of the city council of Santa Barbara for doing the street work described in the resolution of intention adopted by said city council set aside and annulled, and to enjoin the superintendent of streets of said city from entering into a contract for the doing of the same.    The cause of action is based upon the alleged insufficiency of the resolution of intention set out in the complaint, under which it is claimed the city council acquired no jurisdiction to do the work, and the alleged fact that plaintiffs' property would not be specially benefited by the improvements.    A general demurrer to the complaint was sustained, without leave to amend, and thereupon a judgment of dismissal of the action was entered, from which the plaintiffs appeal.

The resolution adopted, and which included the pavement of a number of streets and the construction of certain sewers, curbs, culverts, and gutters described therein, was pursuant to the provisions of "An act to provide for work upon streets, lanes, alleys, courts, places and sidewalks, and for the construction of sewers within municipalities," approved March 18, 1885, and acts supplementary thereto and amendatory thereof; and pursuant to "An act to provide a system of street improvement bonds to represent certain assessments for the cost of street work and improvement within municipalities, and also for the payment of such bonds," approved February 27, 1893, and acts amendatory thereof; and declared the intention of the city council "to order the following street work to be done in said city according to the plans and profiles therefor now on file in the office of the city engineer of

said city, and being plans numbered A–33–1 and A–23–3 and specifications therefor now on file in the office of the city clerk of said city, and being entitled, 'Specifications for the Improvements of the Coast Highway, Salinas Street, Cacique Street, Milpas Street and Haley Street,' which specifications were adopted by the council of said city on the fourth day of September, 1913, to which plan and specifications reference is hereby had, and they are made a part hereof, to wit.'' (Here followed a more complete description of the improvement.)   The language used as to the Coast Highway, with reference to the pavement thereof, which, in substance, is the same as that used in describing the pavement of each of said streets, is as follows:

''To construct a pavement (consisting of a one and one-half inch asphalt wearing surface and a cement concrete base) upon the central 24 feet of the roadway of the Coast Highway from the termination of Salinas and Punta Gorda Streets and being shown as station 0 plus 00 on plan A–33–1 to the westerly line of the pavement now existing at Booth's Point road and Hot Spring road and being shown as station 39 plus 21 on said plan, together with certain pavement and certain wall opposite the termination of Ocean View avenue shown on said plan and slight modification of width near station 28 plus 04 as shown on said plan, and at the intersection of Booth's Point road and Hot Springs road, as shown on said plan, and in accordance with specifications No. 27; also to construct a shoulder one foot in width (consisting of asphalt wearing surface and cement concrete base) on both sides of said pavement; also to construct across or in such portion of the Coast Highway as shown on said plan four reinforced concrete culverts or drains and one vitrified pipe drain, all of said work to be done in accordance with plan No. A–33–1 now on file in the office of the city engineer of said city, and also in accordance with the specifications therefor hereinabove referred to and now on file in the office of the city clerk of said city, to which plan and specifications reference is hereby made for further particulars.''   As to some of the streets the resolution included the paving of intersecting streets between certain defined points, and in one instance described the work as ''including certain pavements to be constructed opposite the termination of Rose Avenue,''

all in accordance with plans and specifications referred to
as part of the resolution.

As to the several sewers the construction of which the reso-
lution contemplated, a description of one is sufficiently illus-
trative of all. The declared intention was "to construct
a six (6) inch main sewer (consisting of a six-inch vitrified,
salt-glazed, sewer pipe) in Milpas Street from the manhole
now constructed in the intersection of Haley and Milpas
Streets to the lamphole to be constructed in Milpas Street,
said lamphole to be distant three hundred ninety-four (394)
feet southeasterly from said manhole together with the con-
struction of said lamphole, all in accordance with specifica-
tions No. 28 and plan A–23–3.'' The resolution further de-
clared "that said contemplated work of improvement is in
the opinion of said council of more than local or ordinary
public benefit and said council does hereby find, determine
and declare that an assessment district shall be formed to pay
for the cost and expenses of said improvement; and the ex-
terior boundaries of said district to be benefited by said
improvement and to be assessed to pay the cost and expenses
thereof, . . . is in general terms described as follows, to wit."
(Followed by a general description by metes and bounds of
the proposed district.) Reference is made to a plat prepared
by the city engineer, approved by the city council, and on
file in the office of the city engineer, the boundary line of
which district is indicated by green tinting, showing the ex-
tent of the territory to be included in the assessment district,
a copy of which map is attached to the complaint as part
thereof. It was further provided that serial bonds should
be issued to represent each assessment of twenty-five dollars
or over for the cost of said improvement, and a newspaper
was designated wherein the city clerk was directed to publish
the resolution as provided by law, and said clerk was also
directed to mail, postage prepaid, to each property owner
whose property was subject to assessment for the cost and
expenses of said improvement, at his last known address as
shown by the tax-rolls of said city, or to the general delivery
where not so shown, a postal card containing a notice of the
passage of the resolution of intention, all as required by law.
The complaint further alleged that certain lots and lands
within the boundaries of said proposed district were sever-
ally owned by plaintiffs, and that neither the construction of

said street work nor said sewers would in any way or manner be of any benefit to the tracts of land so owned by them and each of them, for the alleged reasons that in some cases their lands were situated a long distance from the improvement contemplated in said resolution, and that other improved streets more accessible furnished them a means of egress and ingress thereto; together with other allegations as to the topography of their lands, the location and use thereof, which it is claimed show that their lands would not be benefited by the proposed improvement.

The foregoing references to the complaint are sufficient to illustrate all the points made by appellants which merit consideration.

In our opinion, the resolution of intention upon which authority for all subsequent acts in proceedings for improving the streets must be based is not subject to any of the objections urged thereto by appellants. Section 3 of the act, the constitutionality of which has been repeatedly upheld, provides, among other things, that before ordering the work the city council shall pass a resolution *"describing the work,"* and that whenever the construction of certain enumerated improvements (among which pavements are not included) constitutes the work mentioned in the resolution, a *brief* description thereof in the resolution, reference being had to plans and specifications on file, shall be sufficient. As to the work of paving the street mentioned in the resolution, it was described as the construction of "a pavement (consisting of a one and one-half inch asphalt wearing surface and a cement concrete base)" to be constructed in accordance with plans and specifications on file, to which reference is made for further particulars, and which plans and specifications are made part of the resolution. The sufficiency of the plans and specifications, and the fact that they were on file in the proper office, is conceded. Appellants insist, however, that as to the work of paving, the resolution fails to describe the work, in that it does not specify the thickness of the concrete base, to which might be added the further objection that it likewise fails to specify the kind of sand, quality of cement, character of rock, and the proportions of the mixture, together with other details of construction, all of which, since not denied, presumably were embodied in elaborate plans and specifications. In the case of *McQuiddy* v. *Worswick*

*Street Paving Co.,* 160 Cal. 9, 11, [116 Pac. 67], the resolution provided for the paving of a street "with asphaltic pavement, on an asphalt concrete foundation, . . . all in accordance with the plans and specifications on file in the office of the city clerk," and in an attack made upon the sufficiency of the resolution it was upheld, the court holding that the language of the resolution, in connection with the specifications to which reference was made, constituted a sufficient compliance with the provisions of the statute. To the same effect is *Richmond Construction Co.* v. *Growney,* 29 Cal. App. 427, [155 Pac. 1008], where a part of the work contemplated in the resolution was the grading of the street. In the case of *Chase* v. *Trout,* 146 Cal. 350, [80 Pac. 81], the work provided for was that of grading, graveling, and guttering in accordance with plans, profiles, and specifications on file in the office of the city engineer, the contention there being, as here, that the resolution did not sufficiently describe the work; nevertheless, upon the maxim that "that is certain which can be made certain," it was held to constitute a substantial compliance with the provisions of the act. Appellants contend, however, that these decisions are not determinative of the question, for the reason that they were rendered prior to the amendment of section 3 (Stats. 1913, p. 403); the amendment constituting that portion of the section which enumerates certain kinds of improvements as to which it is provided a "brief description" of the same with a reference to the plans and specifications shall be sufficient. As we have seen, this amendment does not embrace pavements. Nevertheless, since the court had theretofore decided that the reference to specifications for details of the work, where it consisted of paving, might be made, the amendment is nothing more than a legislative declaration of that which had been judicially declared, as to work other than pavement, and since it does not purport to change the provisions of the act relating to pavements under which the court had held such description sufficient, it cannot be construed as changing the law with reference thereto. Moreover, the proposed improvement, as expressed in the resolution, described it as the pavement of the street and specified the material to be used in the construction thereof. This was sufficient in characterizing the work as distinguished from other improvements. While the resolution might properly have stated the thickness of the

concrete base, the failure of which alone constitutes appellants' objection thereto, its failure so to do does not affect the validity thereof. In connection with the plans and specifications to which reference is made, it constitutes a sufficient description of that part of the work described as pavement embraced in the resolution.

It is next contended that the resolution is insufficient by reason of its failure to declare that the lots and lands within the exterior boundaries of the district will be specially benefited by the improvement. The provision of the act is that "whenever the contemplated work or improvement in the opinion of the city council, if of more than local or ordinary public benefit, . . . the city council may make the expense of such work or improvement chargeable upon a district, which said council shall, in its resolution of intention, declare to be assessed to pay the costs and expenses thereof." The declaration in the resolution is in strict accord with this provision, it being declared "that said contemplated work of improvement is in the opinion of said council of more than local or ordinary public benefit, and said council does hereby find, determine and declare that an assessment district shall be formed to pay for the cost and expenses of said improvement; and the exterior boundaries of said district to be benefited by said improvement and to be assessed to pay the costs and expenses thereof" is as follows. In the case of *Haughawout* v. *Raymond,* 148 Cal. 311, [83 Pac. 53], a like attack was made upon the resolution of intention, wherein the declaration was as follows: "The district to be benefited and to be assessed to pay the total cost of said work is hereby declared to be all those certain lots and parcels of land lying in the city of Los Angeles and particularly described as follows, to wit," and wherein it was held the contention did not merit any consideration. Not only is the finding sufficient as a basis for establishing the assessment district, but it is likewise sufficient, as a determination by the city council, to whom a determination of the question is delegated by the legislature, to show that the lots and lands within the exterior boundaries of the district will be specially benefited by the improvement. Whether the property will be specially benefited thereby is a question of fact to be determined by the legislative branch of the municipality, and in the absence of fraud, or arbitrarily and in total disregard of the exercise

32 Cal. App.—16

of judicial discretion vested in the assessment board, equivalent to fraud, as was the case in *Spring Street Co.* v. *City of Los Angeles,* 170 Cal. 24, [148 Pac. 217], such determination must be deemed conclusive. (*Walston* v. *Nevin,* 128 U. S. 578, 582, [32 L. Ed. 544, 9 Sup. Ct. Rep. 192]; *Litchfield* v. *Vernon,* 41 N. Y. 123; *Duncan* v. *Ramish,* 142 Cal. 686, 691, [76 Pac. 661]; *Remillard* v. *Blake & B. Co.,* 169 Cal. 277, [Ann. Cas. 1916D, 451, 146 Pac. 634].) The position of counsel for appellants, as announced at the hearing, was to the effect that whenever a city council declares its intention to make street improvements, and likewise *its intention to* establish an assessment district upon which to apportion the cost of such improvement, any dissatisfied property owner therein, upon a claim that his property will not be benefited, may demand a hearing in court and thus obstruct the proposed improvement until a determination of such question by the court. As stated in *Paulson* v. *City of Portland,* 16 Or. 450, [1 L. R. A. 673, 19 Pac. 450], such a course would hardly be practicable, and would result in substituting in place of the judgment of the common council, who are selected on account of their supposed fitness for that duty, the opinion of a multitude of witnesses, many of whom would be personally interested in the controversy. Says Hamilton on Special Assessments, section 515: "The determination of the assessing board as to what property is benefited and the extent of such benefit, when made in accordance with statutory requirements, is conclusive, in the absence of fraud or mistake." Of course, the theory upon which the district is established, upon which the cost of the work shall be apportioned, is that it will derive special benefits from the improvement. But someone must determine that question, and, as stated, the legislature has seen fit to delegate such power to the city council. From this conclusion it follows that the allegations of the complaint to the effect that plaintiffs' property will not be benefited by the proposed improvement, cannot be considered in aid of the statement of a cause of action, since as to such question no evidence in support thereof would be admissible upon the trial. (*Cake* v. *City of Los Angeles,* 164 Cal. 705, [130 Pac. 723]; *Duncan* v. *Ramish,* 142 Cal. 686, [76 Pac. 661].)

Section 3 of the act provides that the resolution of intention shall be posted conspicuously for two days on or near

the chamber door of said council and published by two inser-
tions in one or more daily, semi-weekly, or weekly newspapers
published and circulated in said city and designated by said
council for that purpose. It also provides that the street
superintendent shall post along the streets upon which the
improvement is to be made, at not more than three hundred
feet apart, notices of the passage of said resolution, and re-
quires street superintendents to cause a notice similar in sub-
stance to be published by two insertions in one or more daily
newspapers, and likewise provides that the city clerk shall,
upon the passage of the resolution of intention, mail, postage
prepaid, to each property owner whose property is to be
assessed for the cost of the improvement, a notice in the form
prescribed. The act then provides that the failure of the
city clerk to mail said postal cards, or the failure of the
superintendent of streets to post the notices of street work
along the line of the improvement, shall in no wise affect the
validity of the proceedings or prevent the city council from
acquiring jurisdiction to order the work. ''This,'' says coun-
sel for appellants, in attacking the provision upon the ground
that it authorizes the taking of property without due process
of law, ''is rank 'progress' toward injustice and anarchy;
what lawyer, what judge, can lend his judgment to support
such a law? We will do the lower court the justice to say
we did not study or present all of the communistic phases
of the act when the demurrer was argued.'' Unfortunately,
this court, since the question is thus presented, cannot escape,
as did the trial court, the animadversions of appellants' coun-
sel. We are, nevertheless, constrained to ''lend our judg-
ment'' in support of the fact that the publication of the
resolution and the posting thereof by the city clerk, together
with the publication of the notice of street work, even in
the absence of the posting of notices along the line of the
street and the sending out of the postal cards (which, how-
ever, is conceded to have been done), constitutes a sufficient
notice, provided the affidavits of the posting of said notices
and the mailing of said postal cards, as required, be filed
showing the performance of such duty. The complaint con-
tains no denial thereof. Clearly the publication and posting
of the resolution, together with the publication of notice of
street work, should be held sufficient notice of the proposed
improvement of the streets by the city council. As deter-

mined by the legislature, these acts were not only essential, but ample for the purpose intended; indeed, the requirement is in excess of that usual in cases of constructive notice. (See *Reclamation District* v. *Hagar*, 66 Cal. 55, [4 Pac. 945]; *Fallbrook Irr. Dist.* v. *Bradley*, 164 U. S. 115, [41 L. Ed. 369, 17 Sup. Ct. Rep. 56].) The posting of notices of street work by the superintendent of streets and the mailing of postal cards were nonessentials, and the requirement might have been omitted altogether without affecting the validity of the provision as to notice. This being true, the legislative enactment that a failure to comply with the provision so declared, and in fact a nonessential, constitutes no ground for complaint on the part of appellants. There is nothing in *Brookes* v. *City of Oakland*, 160 Cal. 423, [117 Pac. 433], sustaining appellants' contention.

Since not required by the act, no cause for complaint arises from the fact that the intersecting streets, some of which it was proposed to improve, were not delineated upon the map showing the boundaries of the district. Nor is there any merit in the contention that the proposed improvement embraces numerous kinds of improvements (Sec. 2, Vrooman Act, Stats. 1913, p. 402; sec. 7, subd. 13, Stats. 1911, p. 632), some of which may not benefit plaintiffs' property. We cannot indulge in the presumption that the assessment board will apportion any part of the cost of constructing a sewer upon lands that receive no benefit therefrom. On the other hand, a benefit might result from other improvements described in the resolution for which the land so exempted from the cost of sewer construction should pay in proportion to the benefits received.

Appellants' next point is that the court erred in refusing to permit them to amend their complaint by inserting an allegation to the effect that a member of the city council who voted in favor of the adoption of the resolution of intention, and whose vote was necessary to constitute a majority in favor of the passage thereof, was an owner of property within the proposed district. The denial of the motion to so amend the complaint was based upon the ground that the subject of the amendment was immaterial. The ruling of the court is supported by the cases of *United Real Estate etc. Co.* v. *Barnes*, 159 Cal. 244, [113 Pac. 167], and *Corliss* v. *Village of Highland Park*, 132 Mich. 152, [93 N. W. 254, 610, 95 N. W.

416]. There is no statutory provision, as in the case of *Capron* v. *Hitchcock*, 98 Cal. 428, [33 Pac. 421], cited by appellants, disqualifying a member of the city council from voting upon the adoption of a resolution of intention because of his ownership of lands in the district which will be subject to assessment for the cost of the improvement.

Page and Jones on Taxation by Special Assessment, section 269: ''In the absence of specific statute the fact that a member of a common council owns land which is subject to assessment, does not disqualify him from acting.''

We do not deem other points urged by appellants of sufficient importance to merit further discussion. Suffice it to say that we agree with the learned trial judge that the complaint fails to state a cause of action; and the judgment is therefore affirmed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 29, 1917.