[Civ. No. 13558.   Second Dist., Div. One.   June 29, 1942.]

THE CITY OF LOS ANGELES (a Municipal Corporation) et al., Respondents, v. KATHERINA GREVE, Appellant.

Charles A. Sunderlin for Appellant.

Ray L. Chesebro, City Attorney, and Robert J. Stahl, Deputy City Attorney, for Respondents.

DORAN, J.—This is an action to quiet title. Plaintiffs obtained judgment and defendant appeals.

The facts briefly are as follows: On the 31st day of March, 1925, the council of the city of Los Angeles adopted an ordinance declaring its intention to widen Washington Boulevard in the city of Los Angeles between Alameda and Figueroa Streets, under and according to the Street Opening Act of 1903 as amended. Bonds were issued to repre-

sent unpaid assessments levied pursuant to the proceedings under the Improvement Bond Law of 1911. The bond representing the unpaid assessments against the property of defendant was foreclosed by the owner of said bond, to wit, the Board of Pension Commissioners of the city of Los Angeles, the property sold and a treasurer's deed issued on the 27th day of May, 1937. The bond was in the principal sum of $3,119.96. The balance due at the time of sale was $2,807.96.

The complaint set up all of the proceedings had and taken by the several officers, agents and employees of the city council for the widening of Washington Boulevard from the time of the adoption of the ordinance of intention to the issuance of a treasurer's deed upon the foreclosure of the bond issued to represent the assessment as aforesaid. The defendant property owner by way of "answer and counterclaim" alleged that the city council, in adopting the ordinance of intention, wrongfully, unlawfully and illegally determined that the public interest, etc., required the improvement, and wrongfully, unlawfully and illegally fixed the boundaries of the assessment district. It was further alleged that the improvement did not benefit the parcels of land in the district, but was primarily for the benefit of other lands, etc.; that the council created the district for the purpose of making Washington Boulevard a major street artery and not for the benefit of the property owners within the district.

The questions involved in the within appeal, quoting from appellant's brief, are as follows: "1. Is the 'Improvement Act of 1911' (Act 8199, Deering's Gen. Laws) conclusive as to the matters which are essential to due process of law? 2. Has a special assessment taxpayer, under the 'Improvement Act of 1911' recourse to the courts for the purpose of raising fundamental questions involving the purposes of the so-called improvement and the character of its benefits? 3. Has the taxpayer a right to prove that it was a plain abuse of discretion, as a matter of law, in effect, a fraud upon the taxpayer, for the city council to create the special assessment district and issue the bonds?"

As pointed out by respondent, however, the first two questions may be disregarded, as the "Improvement Act of 1911" is not involved. The proceedings for the widening of the street in question were, as the complaint alleges, taken under

the Street Opening Act of 1903 and the bonds were issued under the Improvement Bond Law of 1911.

It is contended by appellant that the trial court erred in refusing to permit the defendant property owner to reply to the following questions: "Were you living on this property at the time of this tax, Mrs. Greve? Were you familiar with conditions as they existed on the boulevard at the time of this assessment? Did this tax assessment benefit your property in any way? What was the reasonable value of your property at the time of this assessment? Is it not a fact, Mrs. Greve, that the widening of the boulevard was simply for the development of a major industrial traffic boulevard through the city of Los Angeles, out on East Washington? As a matter of fact, was there not a detriment to your property by the widening of the boulevard? Did the widening of this boulevard by reason of this special assessment, in fact, make of East Washington Boulevard a truck highway? How did the creation of this assessment district and the widening of the boulevard affect rental values in that section?" It is also contended that the court erred in refusing to permit the witness to testify that the widening of the boulevard in question was not for the benefit of the individual taxpayers who were assessed with the tax, but was for the general public purpose of the creation of a major highway for industrial traffic through the city of Los Angeles, that the widening project converted the street into a truck highway through what theretofore had been a residential district. The findings also are challenged, but inasmuch as this contention is not developed in the brief it must be assumed that it is abandoned.

The Street Opening Act of 1903 contains full provision for the filing of objections and the settlement of such disputes as the foregoing questions at the trial of the within action sought to revive. It is noteworthy, also, that the Improvement Bond Law of 1911, as amended, provides that: "Improvement bonds issued hereunder shall by their issuance be conclusive evidence of the regularity and validity of all proceedings thereto." (Stats. 1911, ch. 630, p. 1192; Deering's Gen. Laws, Act 855.)

The complaint herein alleges that on August 27, 1929, the city council proceeded to and did then and there and thereafter until the 26th day of November, 1929, hear and pass upon all objections filed, and at the conclusion of said hearing, to wit, the 26th day of November, 1929, after consider-

ing and examining said assessments, confirmed and adopted the same. It should be noted that at the time the foregoing proceedings were adopted and the bond in question was issued, the statute provided that the election by the property owner to pay the assessments in installments and to have an improvement bond issued should be made in writing filed with the superintendent of streets accompanied by an affidavit that "he or his principal, as the case may be, is the owner of the lot or parcel of land in question," etc., and also "by filing with such officer a written agreement upon the form hereinafter provided, waiving all objections of whatsoever kind or nature against the assessment and all proceedings thereto and undertaking to pay the amount of such assessment in either ten, twenty or thirty installments." . . . (Stats. 1927, p. 387.)

That the ruling of the trial court in sustaining the objections to the questions asked was proper, there can be no question. In the action to quiet title they were immaterial. The statutes of 1903, heretofore referred to, make ample provision for the filing of objections and protests, for hearings thereon and the determination thereof before the city council. In the street widening proceedings the city council was the proper and the legal tribunal to determine such questions; and the complaint herein in fact alleges that such questions were so determined. Moreover, it is well settled that such procedure complies with the due process clause of the Constitution. With regard to this principle of law the Supreme Court has declared in *Duncan* v. *Ramish*, 142 Cal. 686 [76 Pac. 661], at page 690:

"The plaintiffs in this action in equity to enjoin the execution of the deed claim the right to impeach the validity of the assessment by evidence to the effect that the part of the costs of the improvement apportioned and assessed against their lots exceeds the benefits to those lots arising from the improvement. Stated in different language the contention is, that the validity of such an exercise of the taxing power of the state is not settled by compliance with the constitutional proceedings prescribed by law, but may be questioned by a jury or court in any subsequent collateral attack, by proof that the land of the particular individual who sees fit to attack its validity was not benefited to the extent of the costs apportioned against his land by the assessment. The statement of the proposition is almost sufficient to refute any argument in favor of it. It is manifest that if the taxing power is

subject to review in this collateral manner, any exercise of it would generally be declared invalid." Also in *Beale* v. *City of Santa Barbara*, 32 Cal. App. 235 [162 Pac. 657], at page 242, appears the following: "Of course, the theory upon which the district is established, upon which the cost of the work shall be apportioned, is that it will derive special benefits from the improvement. But someone must determine that question, and, as stated, the legislature has seen fit to delegate such power to the city council. From this conclusion it follows that the allegations of the complaint to the effect that plaintiff's property will not be benefited by the proposed improvement, cannot be considered in aid of the statement of a cause of action, since as to such question no evidence in support thereof would be admissible upon the trial. (*Cake* v. *City of Los Angeles*, 164 Cal. 705 [130 Pac. 723]; *Duncan* v. *Ramish*, 142 Cal. 686 [76 Pac. 661].)" And in *Rutledge* v. *City of Eureka*, 195 Cal. 404, 425 [234 Pac. 82], at pages 425, 426, with regard to a similar situation the Supreme Court made the following observation. "Evidence was tendered by the appellants as to the assessed value of certain of their properties and properties in the business district claimed to have been favored, for the declared purpose of proving inequality and discrimination in the assessments. Insofar as such evidence might have a bearing on the question of benefits the determination of the council was conclusive. (*Duncan* v. *Ramish*, 142 Cal. 686 [76 Pac. 661]; *Cutting* v. *Vaughn* [182 Cal. 151 (187 Pac. 19)], *supra*.) Insofar as it related to the charge of constructive fraud the conditions shown by the record or coming within judicial knowledge must furnish the basis of interference by the courts. (*Spring Street Co.* v. *City of Los Angeles* [170 Cal. 31 (L. R. A. 1918E, 197, 148 Pac. 217]), *supra; Larsen* v. *San Francisco*, 182 Cal. 1 [186 Pac. 757]; *Swall* v. *County of Los Angeles*, 42 Cal. App. 758 [184 Pac. 406].) There was no error in sustaining the objections to the proffered evidence."

The judgment quieting title in plaintiffs is sustained by the record, and for the foregoing reasons it is affirmed.

York, P. J., and White, J., concurred.